## Renn v. Tallman, Appellant.

*Trial—Charge—Misleading charge.*

It is error to confine the attention of the jury to one view of the case when there is more than one which should be considered. If no particular instructions be asked, the court is responsible for the general effect only, of the charge, and in considering the charge the whole of it must be taken together. If when so considered it has a tendency to mislead, though no particular portion of it be clearly erroneous, it is cause for reversal.

To instruct the jury erroneously as to the circumstances under which testimony offered by a party will become material for them to consider, may often be more prejudicial than erroneous instructions upon some abstract question of law involved in the case.

504　　　　RENN *v.* TALLMAN, Appellant.

Statement of Facts—Opinion of the Court. [25 Pa. Superior Ct.

Argued March 11, 1904.　Appeal, No. 15, Feb. T., 1904, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1902, No. 125, on verdict for plaintiff in case of C. B. Renn v. Artley Tallman.　Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.　Reversed.

Sheriff's interpleader to determine the ownership of a team of horses and set of harness.　Before HART, P. J.

Verdict and judgment for plaintiff.　Defendant appealed.

*Error assigned* was that the charge as a whole was inadequate.

*W. E. Crawford*, with him *Robert K. Reeder*, for appellant.— The charge was inadequate : Pierson v. Duncan, 162 Pa. 187 ; Reber v. Herring, 115 Pa. 599 ; Bisbing v. Third Nat. Bank, 93 Pa. 79 ; Fawcett v. Fawcett, 95 Pa. 376 ; Bovard v. Christy, 14 Pa. 267.

*G. B. M. Metzger*, for appellee.

OPINION BY RICE, P. J., July 28, 1904 :

This was a sheriff's interpleader issue framed to determine the ownership of a team of horses and a set of harness levied upon as the property of Ralph Bigger by virtue of an execution in favor of Artley Tallman the appellant.　They had never been in the actual possession of C. B. Renn, the claimant, prior to the execution, but were delivered directly to Bigger by Albert Wilson, the former owner, and were in the possession of Bigger at the time of the levy.　The contention of Renn, briefly stated, was that he bought the chattels from Wilson, and, after the execution of a lease from him, Renn, to Bigger, directed the latter to take possession of them, which he did.　The appellant's contention was that Bigger bought them from Wilson and gave his note for the price with Renn as indorser, and that the lease was taken to secure the latter upon his indorsement.　The form of the note is corroborative of the latter theory.　In further support of his contention the appellant called two witnesses.　The first testified to the effect that the day after the levy was made he had a conversa-

tion with Renn and Bigger, in which Bigger said, and Renn assented to it, that the latter had gone bail for the former with the understanding that he should have charge of the horses for his security, and that there was no written contract between them. The second testified to the effect that about the same time Renn said, Bigger being absent, " that he had gone Ralph Bigger's security for the team and that he took a lease to protect himself." Speaking of this testimony the court said to the jury : " Now, this conversation is material or not just as this jury may be satisfied with reference to the transaction had at Mr. Wilson's because this whole case comes back to that. What took place at Mr. Wilson's stable at the time this alleged purchase was made from the facts you will gather from the testimony bearing upon that question. If you are satisfied in your mind with reference to that, then what might have been stated afterwards with reference to the construction these people placed upon that transaction might not be very material. Of course, if you are not satisfied in your mind with reference to that transaction, then the testimony of the admissions of these people with reference to how they understood it would be material and proper for you to consider." We cannot say that the learned judge erred in instructing the jury that Bigger's relation to the chattels, whether that of purchaser or bailee, was to be determined as of the time when he took possession of them, but we think that in making this idea prominent, as was proper, he inadvertently failed to instruct them adequately as to the materiality of the testimony of these two witnesses, if believed, in the determination of that question. The declarations testified to did not estop Renn, it is true, from claiming that he was the purchaser and Bigger was his bailee, but they had a very important bearing upon that question of fact. The testimony went to the main question, not merely to the subsidiary question whether Bigger's relation to the chattels was changed after they came into his possession, and the defendant was entitled to have the jury consider it in that view. It is error to confine the attention of the jury to one view of a case when there is more than one which should be considered : Penna. Canal Co. v. Harris, 101 Pa. 80. If no particular instructions be asked the court is responsible for the general effect only of the charge, and in consider-

ing the charge the whole of it must be taken together. If when so considered it has a tendency to mislead, though no particular portion of it be clearly erroneous, it is cause for reversal : Peirson v. Duncan, 162 Pa. 187. "It is true, the mere omission to charge upon a particular point for which there was no request is not assignable for error, yet, if the language of the court taken in connection with the circumstances of the case may have misled the jury as to the law, or if the tendency of the charge was to mislead them, it is ground for reversal :" Bisbing v. Third National Bank, 93 Pa. 79. See also Connelly v. Walker, 45 Pa. 449 ; Batdorff v. Farmers' National Bank, 61 Pa. 179. To instruct the jury erroneously as to the circumstances under which testimony offered by a party will become material for them to consider may often be more prejudicial than erroneous instructions upon some abstract question of law involved in the case. The instructions complained of, whether so intended by the learned judge or not, might very naturally be taken by the jury to mean that if the direct testimony as to what took place at Wilson's stable left their minds in doubt as to the transaction, then the testimony as to the subsequent admissions of the parties would be material and proper for them to consider, otherwise it would not be very material. Having thus specifically instructed the jury as to the conditions under which the testimony would become material and proper for them to consider, we are unable to say that the erroneous impression which such instructions would probably make would be removed by a subsequent general remark that "all the evidence is proper for you to consider under any view which may be taken of the case." We are of opinion that the error in these instructions, even if it be no other than that they were ambiguous, is of a substantial character and requires a retrial of the case, which in other respects was well tried.

Judgment reversed and venire facias de novo awarded.