Commonwealth of Pa. *v.* Moran, Appellant.
Commonwealth of Pa. *v.* Wesley, Appellant.

Argued October 9, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Henry I. Fox,* and with him *Robert Tower Potts,* for appellants.—

*J. Stroud Weber,* Assistant District Attorney, and with him *Frank X. Renninger,* District Attorney, for appellee.—The mere inconsistency of a verdict does not require that it be set aside: Com. v. Holgate, 63 Pa. Superior Ct. 246.

OPINION BY CUNNINGHAM, J., November 18, 1929:

William Wesley and John Moran, the respective appellants in these appeals, which will be disposed of in one opinion, were separately indicted but jointly tried in the court below upon indictments identical in form and each containing a single count charging rape and bastardy.

The principal witness for the Commonwealth, Alice Bowman, testified that each appellant had carnal knowledge of her on the same evening in the latter part of November, 1927. On August 23, 1928, she gave birth to a bastard child. The trial judge, specially presiding, correctly instructed the jury that under her testimony there could be no conviction of bastardy. The Commonwealth contended that her testimony was sufficient to justify the conviction of each appellant

of rape; appellants admitted the intercourse upon the evening in question but asserted that it was had with her consent and that they were therefore guilty of no higher offense than fornication. Wesley further testified that he had intercourse with her about one year previous to the date laid in the indictment and Moran, by his testimony, left the inference that he also had carnal knowledge of her upon a former occasion. The cases were submitted to the jury; a verdict of "guilty of rape and fornication and not guilty of bastardy" was returned in each; the trial judge arrested judgment as to fornication and sentenced each appellant for rape to a term of from two to four years in the penitentiary.

The grounds urged in support of these appeals all relate to the charge. In the most important one it is contended that the charge was not merely inadequate, in that it failed to submit the issues of fact fully and impartially, but was so deficient, by reason of failing to direct attention to established legal principles peculiarly applicable to the evidence in these cases, as to be misleading. The evidence for the Commonwealth justified and, indeed, required the submission of the charges of rape to the jury; its weight and credibility were exclusively for them. The nature of the charge in the indictments and several of the outstanding features of the girl's story demanded the giving, with proper cautions, of adequate, clear and definite instructions upon the law, particularly with relation to the legal distinctions between fornication and rape and the elements which should be present in the evidence to warrant a conviction of the latter offense. Although each indictment contained but one count, several distinct issues were involved and different findings could be made, depending upon the view taken by the jury of the evidence. Under the indictments as drawn, the charge of rape necessarily involved and in-

cluded fornication and the bastardy was charged as an incident: Com. v. Lewis, 140 Pa. 561, 564.

The Commonwealth's main witness, then eighteen years of age, testified that she had met, and been in the company of, appellants upon several occasions and that the offenses were committed in a baseball park a few blocks from her home in Conshohocken. She stated that on the evening in question Wesley and she left her home about nine o'clock to take a walk toward the park and met Moran about midway; that, upon her declining to go with both of them, Wesley and she walked on and Moran followed; that when near the enclosure they met another couple, who, after some conversation between Wesley and the man, preceded them toward the park; that Wesley put his arm around her and forced her to go in and over to the grand stand; that Moran then appeared and held down her shoulder while Wesley had intercourse with her; that Wesley then walked away and Moran engaged in the same act, and, upon the return of Wesley, the three of them left the park, separating in the vicinity of her home. She admitted that she made no outcry, her explanation being that she was "too scared to holler" and that the nearest house was a block and a half away, but there was testimony from which a jury could find that she knew the other couple was not far away. She also stated that she made no complaint to anyone and did not even tell her mother of the occurrence or of her condition until the day her child was born. "Proof of complaint has always been treated as a most material element in the establishment of a charge of rape, and unless complaint is found to have been made by a prosecutrix in a given case, the want of it weighs heavily against the prosecution, and in favor of the accused, unless satisfactorily explained": 22 R. C. L. p. 1187, Sec. 19.

In view of her admissions, it became the duty of the

trial judge to instruct the jury that her testimony should be scrutinized with care in determining whether she consented to the acts, or whether, as she asserted, they were committed forcibly and against her will. Actual resistance, outcry and prompt complaint are matters which should have been brought to their attention. Upon examination of the charge we find it opened with the statutory definition of rape, followed by the statement that ''it is not necessary to give you a definition of fornication'' and the instruction to render a verdict of not guilty as to bastardy. The court then said: ''Now in order to convict the defendants in this case, it is necessary for the Commonwealth to show that the defendants used force and that Alice Bowman did not consent to sexual intercourse are essential elements in this charge against the defendants committing the crime of rape.''

No explanation was given of the meaning of bona fide resistance. The only other mention of force was the statement that appellants ''denied they used any force; that is the strong feature of the testimony of these defendants.'' No reference whatever was made to the admitted concealment of the alleged outrage until the birth of the child made it necessary for her to account to her parents for her condition. It is contended on behalf of appellants that these inadvertent omissions misled the jury into rendering what their counsel assert is an inconsistent verdict. They point to the language of the verdict, already quoted, as indicating that the jury did not understand the legal distinctions between fornication and rape and therefore convicted appellants of both offenses. It is argued that, as the trial judge failed to explain that fornication is voluntary, unlawful sexual intercourse between persons of the opposite sex, the jurors did not clearly understand that the controlling question for their consideration was whether the acts, admitted by

appellants, were perpetrated by force and against the girl's will, or with her consent, and as a result were misled into the inconsistency of saying that they were done both ways. This conclusion does not necessarily follow; the jury may merely have intended to say that appellants were guilty of rape and also of the constituent offense of fornication; but we should not be left in doubt in a matter of this importance. The apparent inconsistency in this case is not comparable to that which existed in Com. v. Holgate, 63 Pa. Superior Ct. 246 (relied upon by the Commonwealth), where the defendant was convicted both of larceny and receiving and judgment was arrested upon the count charging receiving. We find no instruction in the charge relative to the different verdicts which were possible under the portions of the counts submitted to the jury. It is due the trial judge to say that an opportunity was afforded counsel at the conclusion of the charge to direct his attention to any testimony upon which they desired special comment and that counsel for appellants neglected to avail themselves fully of the opportunity thus afforded. The rule as stated, and supported by citations, in Renn v. Tallman, 25 Pa. Superior Ct. 503, 506, is that ordinarily the mere omission to charge on a particular matter for which there was no request is not assignable for error, yet, if the language of the court taken in connection with the circumstances of the case may have misled the jury as to the law, or if the tendency of the charge was to mislead them, it is ground for reversal. We think the proper administration of justice requires that these cases be resubmitted to a jury with full, clear and explicit instructions upon all the principles of law applicable to the evidence as it may be presented. Accordingly we sustain the second, third and seventh assignments.

The judgment in each case is reversed with a venire.