## Barclay et al. *versus* Kerr et al.

1. A widow is a proper party to a proceeding in partition, whether in the Common Pleas or in the Orphans' Court.

2. *Quære.*—Whether an administrator d. b. n. c. t. a. is a proper party where a discretionary power to sell land was given to the executors by the will.

3. Where it is agreed, in a suit in partition, that the property shall be divided between the plaintiffs and defendants in two equal parts, the defendants cannot object that parties having no interest are joined with the plaintiffs, as such joinder cannot affect their rights, and is, as to them, immaterial.

4. A verdict, irregular by a mistake apparent on its face, may be amended after judgment. ,

May 12, 1885. Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett, Green, and Clark, JJ.

Error to the Court of Common Pleas of *Bedford county :* Of January Term 1885, No. 122.

Partition by Edward F. Kerr, administrator *de bonis non cum testamento annexo* of Abraham Kerns, deceased, Josephine Kerns, widow of McDonald Ridgely Kerns, deceased, (who was a devisee of Abraham Kerns, deceased, and heir at law of Henry Miller Kerns, deceased,) Etta N. Reamer, Ida Reamer,

[Barclay *v.* Kerr.]

Mary K. Reamer by her committee Etta N. Reamer, Charles C. Reamer and Georgia Edith Reamer by their guardian Etta N. Reamer, being heirs at law of Georgiana R. Reamer, formerly Kerns, deceased, who was a devisee of Abraham Kerns, deceased, and who are also devisees of Naomi Fisher, deceased, who was a devisee of Mark Kerns, deceased, and who are also heirs at law of Mark M. Reamer, deceased: against Richard DeC. Barclay, administrator *de bonis non cum testamento annexo* of Samuel M. Barclay, deceased, S. Jane Barclay, widow of Josiah E. Barclay, deceased, W. A. Otto Wouth and Camilla B. Wouth, his wife, Samuel J. Barclay, (the said Camilla B. Wouth and Samuel J. Barclay being heirs at law of Josiah E. Barclay, deceased,) William W. Barclay, John J. Barclay, Emma F. Barclay and Mary F. Barclay, devisees of Samuel M. Barclay, deceased; the said William W. Barclay, John J. Barclay, Richard DeC. Barclay, Emma F. Barclay and Mary F. Barclay being also devisees of Hester A. Barclay, deceased, and the said Emma F. Barclay and Mary F. Barclay being also devisees of Samuel M. Barclay, Jr., deceased, to make division of certain lands in Bedford county. Plea, *non tenent insimul.*

On the trial, before Ewing, P. J., of the fifth judicial district, the following facts appeared: Abraham Kerns and Samuel M. Barclay were the owners, as tenants in common, of twenty-nine tracts of land in said county, containing eight thousand five hundred and thirty-nine acres. Kerns died in 1837, leaving surviving him a widow, Naomi, and three children. The eldest child, Georgiana R., died leaving surviving her six children, of whom one died unmarried and without issue; the second child of Abraham Kerns died, leaving surviving him a widow, Josephine Kerns, and a son who died before this action was brought; the third child of Abraham Kerns died unmarried and without issue, leaving his entire estate by will to his mother; the widow, Naomi, died leaving her interest in the property to the children of Georgiana R.

Samuel M. Barclay died in 1852. His interest became ultimately vested in the parties defendant. The defendants, under the Act of February 5, 1821, made declaration of their wish to hold their purpart together, and the plaintiffs subsequently made a similar declaration. It was agreed that the partition should be in two parts.

After the evidence, showing the interests of the various parties and how the same were divided, was submitted, counsel for the defendants requested the court to charge the jury "that the plaintiff, having joined E. F. Kerr, Esq., the administrator c. t. a. of Abraham Kerns, deceased, as a party plaintiff in the action, and Josephine Kerns, widow of M. R. Kerns, deceased,

also as a party plaintiff and *as widow*, their verdict should be for the defendants in the action."

*Answer.*—"The point is refused. We are of the opinion that, under the evidence in the case and the agreement and petition of the plaintiffs filed in the case, the administrator d. b. n. c. t. a. of Abraham Kerns and the widow of M. R. Kerns, deceased, are proper parties; but, even if not, their being joined by consent of the other plaintiffs can do the defendants no harm." (First assignment of error.)

Under the direction of the court, the jury found "for the plaintiffs the one undivided half part of the lands described in the writ and narr. in severalty, to be held by and among the several plaintiffs named in the writ, according to their several and respective legal and equitable rights therein, and for the defendants the other undivided half of said lands, to be held by them in the same manner," and judgment was entered thereon. Subsequently counsel for plaintiffs made the follow. ing motion: "November 29, 1882. Plaintiffs move the court for judgment *quod partitio fiat*, and pray the Court to award a writ to make partition whereby the premises described in the writ and narr. may be divided into two equal parts in severalty and that one of said equal parts may be awarded to the plaintiffs, to be taken and held by them or by the administrator d. b. n. c. t. a. of the estate of Abraham Kerns, deceased, in trust for them according to the terms of his last will and according to their several and respective rights in the same, without further subdivision of the purpart or moiety of plaintiffs, and to award or allot the other equal part or moiety to the defendants, to hold the same undivided and without further subdivision according to their several and respective rights in the premises."

Judgment was then entered in accordance with this motion. Defendants then took this writ of error, assigning for error the refusal of the court to affirm the point above noted, and the entry of the judgment in accordance with the plaintiffs' motion.

*J. M. Reynolds*, for plaintiffs in error.—It is maintained on all authority, that the joining of Josephine Kerns, *as widow*, was error. As representing the life estate in the lands of her deceased child, it was doubtless proper to join her, but not as widow of M. R. Kerns, for if there is anything that appears to be well settled, it is that in an action of partition in the Common Pleas, the widow is not a proper party to be joined. In Power *v.* Power, 7 Watts, 212, Chief Justice GIBSON said, "the joinder of the widow, who had not an immediate estate, was an incurable error. Her husband died intestate, and, by the Act of 1794, she had but an annuity, in the nature of a rent charge,

[Barclay v. Kerr.]

and consequently could not be a party to an action of partition." The same principle is maintained in Mark *v.* Mark, 9 Watts, page 411.

But not only was the joinder of the widow a ground of decisive objection, as was said in Mark *v.* Mark, but the joinder of the executors also was equally erroneous. Neither the widow nor the executors were competent to take a share by the partition.

The verdict assumed the form of a verdict in ejectment, as found by the jury under the direction of the court, and to which we excepted. It was a finding for the plaintiffs of the undivided one half and for the defendants the other undivided half. They thus held, excepting as to the administrator, before this action was brought, and nothing was gained by this verdict. The verdict to conform to the issue, if they were entitled to it, should have been a verdict for the plaintiffs, that they have partition of the premises demanded in this writ. See Coleman *v.* Coleman, 7 Harris, 102.

The verdict did not correspond with the issue raised by the pleadings, and was not such as could support a judgment *quod partitio fiat*: Bunnell *v.* Greathead, 49 Barb. 107; Ramer *v.* Fletcher, 29 Ala., 470. The judgment cannot amend or change the verdict: Paul *v.* Harden, 9 S. & R. 23.

*John Cessna (M. A. Points* and *J. H. Longenecker* with him), for defendants in error. In Brown's Appeal, 3 Norris, 457, this court expressly declares that since the Act of 21st of April, 1846, the widow not only may be a party, but that she is a necessary party, and she may institute an action herself; and substantially the same doctrine is declared in Gourley *v.* Kinley, 16 P. F. S., 270, and in the latter case this court fully explains the difference between the law of partition, as it stood prior to the passage of the Act of 1846, and the law as changed by the provisions of that Act, and it is there expressly declared that the remedy for the widow is to procure the assignment of her share, by partition or appraisement, whether the proceedings be had in the Orphans' Court, or the other courts, to which concurrent jurisdiction has been given; and in Commonwealth *v.* Haffey, 6 Barr, 348, this court ruled in a case commenced prior to the passage of the law of 1846, that even though the widow be improperly joined, it does not vitiate, much less invalidate or imperil the title.

The administrator c. t. a. was a proper party to the partition as there was a power in the will to sell the land, but the name of the administrator could have been stricken from the record in the court below, or can be in this court, if it should be necessary to prevent injury to any one, but, we think,

such action is wholly unnecessary.   On the right and power, as well as the duty of amendment, see Kelsey *v.* Bank, 19 Smith, 426; Brown *v.* Commonwealth, 28 Smith, 122; Waite *v.* Palmer, 28 Smith, 192; Shryock *v.* Basehore, 1 Norris, 159.

If there is anything wrong, either in the verdict or judgment, those who now complain should have moved the court to amend the same.   This court will not set aside proceedings unless injustice has been done: Sheetz *v.* Emerick, 5 Phila., 190.

Mr. Justice GORDON delivered the opinion of the court, October 5th, 1885.

It is somewhat difficult to understand why this case has been brought up for review.   It is admitted that the plaintiffs are the representatives, devisees and heirs at law of Abraham Kerns, and as such represent the one undivided half of the land in controversy, and that, in like manner, the defendants, heirs and legatees of Samuel M. Barclay, represent the other undivided half part.   The defendants, under the Act of the 5th of February, 1821, made declaration of their wish to hold their purpart together, and the plaintiffs did the like.   Thus, there was really no dispute as to title, or as to how the several parties held, and it was agreed that if partition was to be made at all, the land must be divided into two parts only.   Where then was the ground for contention, and why could not the court, under the pleadings, have ordered judgment *quod partitio fiat?*   It is very clear, that under the defendants' petition for leave to hold their purparts together, the only material question for them was whether or not all persons in interest were joined as plaintiffs; whether any were omitted who might afterwards come in to disturb their, the defendants', title to the land which might be awarded to them, by an impeachment of the proceedings in partition.   The question for them was not whether the plaintiffs had joined with themselves persons who had no interest in their title, for that could in no wise affect the rights of the defendants, but rather whether all who held under Abraham Kerns were joined in the proceedings, and as to this there was no exception.

It is thus obvious, that the objections made to the rulings of the court below are of a character so wholly technical, and so void of substantial merit, that they must, for the sake of justice, be disregarded.

That a widow is properly a party in a writ of partition, as well in the Common Pleas as in the Orphans' Court, is settled by the Act of the 29th of March, 1832, and the case of Brown's Appeal, 3 Norris, 457; it is, therefore, useless to cite to us de-

[Dexter v. Billings.]

cisions that were made prior to that Act, and that now have no binding force.

Whether the administrator *de bonis non cum testamento annexo* was properly joined in the action as one of the plaintiffs, we think it unnecessary to decide, though we so far agree with the counsel for the defendants as to admit that his right so to be joined is very doubtful. The will of Abraham Kerns vested his real estate in his widow and children, and his executors had but a bare power to sell, which they might or might not exercise at their discretion. The power thus conferred on them can scarcely be called a right in land, legal or equitable, such as is necessary to maintain partition, and the case of Chew v. Nicklin, 9 Wr., 84, would seem to negative a contrary conclusion, since it was there held, *inter alia*, that the Act of the 24th of February, 1834, was not designed to break the descent, or to work a conversion of real estate under a naked power of sale. But as we are not now called upon to decide this matter, we abstain from further comment.

So far as the exception to the verdict is concerned, it may be disposed of by saying it is irregular, but the irregularity is of such a kind as is amendable under the Act of 1872. "The jury find for the plaintiffs the one undivided half part of the lands described in the writ and *narr.*, in severalty, . . . . . and for the defendants the other undivided half of said lands, to be held by them in the same manner." Of course, it is a contradiction to say that the plaintiffs held the lands undivided with the defendants, and at the same time in severalty. But if we add, before the phrase "in severalty," the words "to be held," which were evidently omitted by mistake, the error is corrected, or a like correction may be made by striking out the words "in severalty," and the verdict will then accord with the pleadings and admissions of the parties.

The judgment is affirmed.