# Smith' *v.* Reading Transit & Light Co., Appellant.

*Negligence—Street railways—Death at crossing—Speed — Signals—Negative evidence—Contributory negligence—Negligence of motorman and driver of truck—Joint and several liability—Passenger on truck—Jumping from truck—Sudden peril.*

1. In an action against a street railway company for death at a crossing, the motorman's negligence is for the jury, where the evidence shows that the car might have been brought readily to a standstill before reaching the middle of the highway where it struck the deceased, who had jumped from a truck, and thus have avoided the accident.

2. In such case, the distance the car ran beyond the crossing was proper evidence to be considered by the jury in determining whether it was being operated at an excessive speed under the circumstances.

3. Where three persons who were riding on a truck, one being the driver, testify that no signal was given by an approaching electric car at a public crossing, the testimony is not purely negative in character.

4. The negligence of a driver of a truck, at a grade crossing, will not necessarily relieve a street railway company from liability for the death of a passenger on the truck, where the motorman is also negligent.

5. In such case the rule applies that where the negligence of two or more persons concur in causing an injury they are jointly and severally liable.

6. If a defendant's negligence concurs with some other event (other than plaintiff's fault) to produce plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are clearly connected with the injury in the order of events, defendant is responsible, even though his negligent act was not the nearest cause in the order of time.

7. Where a passenger on a truck is placed in sudden peril and jumps from the rear of the truck on to a track on which a street railway car is being negligently operated at a public crossing, he cannot be charged with contributory negligence as a matter of law. Such case is for the jury.

Argued January 19, 1925.   Appeal, No. 3, Jan. T., 1925, by defendant, from judgment of C. P. Montgomery

Co., Nov. T., 1918, No. 74, on verdict for plaintiff, in case of Anna M. Smith v. Reading Transit & Light Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before MILLER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of motion for judgment n. o. v., quoting record.

*Franklin L. Wright,* with him *Charles Townley Larzelere* and *Nicholas H. Larzelere,* for appellant.—There was no evidence of negligence of defendant: Moses v. Ry., 258 Pa. 537.

There is no submissible evidence of lack of due warning, in the sense of positive testimony, such as would amount to submissible evidence: Knox v. Ry., 202 Pa. 504; Zotter v. R. R., 280 Pa. 14.

The proximate cause of the accident was not the negligence of the motorman: Miller v. Director General, 270 Pa. 330; Kemmler v. Penna. Co., 265 Pa. 212; Erbe v. R. R., 256 Pa. 567; McKee v. Traction Co., 211 Pa. 47; Funk v. Transit Co., 175 Pa. 559; Nirdlinger v. Telephone Co., 245 Pa. 453; Wood v. R. R., 177 Pa. 306; Rugart v. Baking Co., 277 Pa. 408.

Contributory negligence of deceased caused the accident: Dean v. R. R., 129 Pa 514; Dunlap v. Traction Co., 248 Pa. 130; Kirschbaum v. Transit Co., 73 Pa. Superior Ct. 536; Martin v. R. R., 265 Pa. 282; Laudenberger v. Traction Co., 261 Pa. 288; Moses v. R. R., 258 Pa. 537; Hill v. Transit Co., 271 Pa. 232.

*Aaron S. Swartz, Jr.,* with him *John M. Dettra, Samuel H. High* and *Henry I. Fox,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 16, 1925:

Plaintiff's husband together with a number of fellow workmen were being transported from their place of employment to the City of Norristown in a truck owned by the employer and driven by a fellow employee. The seats were occupied and several of the men were either sitting or standing on the tailboard which was fastened in a horizontal position extending back from the body of the truck. The highway over which they were driving extended northward from Ridge Pike. ,The truck was moving southward toward the pike, along the northerly side of which is located defendant's trolley single track railway. The grade on the pike at this point was steep, and as the truck approached the crossing defendant's car, traveling westward and down grade, was concealed from view by a high embankment, the wire and top of the trolley alone being visible. The driver testified he approached the crossing at a slow speed and as the front of the truck was within a few feet of the track he observed one of defendant's cars approaching so close to the crossing as to render impossible his stopping and avoiding entering on the track; to meet that situation he suddenly increased the speed of the truck to cross the track ahead of the trolley car, and, as he hoped, escape an accident. He succeeded, by a very narrow margin, in passing the car without a collision; several of the passengers, however, seeing the approaching car and believing a collision unavoidable, jumped from the rear of the truck to the road. Plaintiff's husband being one of the last to leave the truck, alighted in the middle of the track and was immediately struck by the car and killed. This action was brought by the widow to recover for her husband's death and the jury found in her favor. Motions for a new trial and for judgment non obstante veredicto were overruled and judgment entered on the verdict, from which defendant appealed.

Appellant first contends the evidence fails to show negligence on the part of the motorman. Plaintiff al-

leged two grounds of negligence on the part of defendant, first, the car approached the crossing at an excessive speed in view of the surroundings, and, second, failure to give proper warning. Plaintiff's evidence as to the speed of the trolley was meager, necessarily so owing to inability of the witnesses to observe the car until it had almost reached the crossing. The driver of the truck testified the car, when he first observed it, was going at a "pretty fair speed." This evidence in itself was entirely too vague to establish negligence. The motorman fixed the speed at ten miles an hour as the crossing was approached and until within fifteen feet of it, at which time he released the brakes and increased the speed, and directly after he had done so the truck dashed across the track ahead of the car. The situation was one requiring extreme care on the part of the motorman owing to his obstructed view of the highway, and although he testified he did not see the truck, yet, in view of the testimony that it was moving slowly it must have been practically at the edge of the track at the time, and visible to the motorman before it started to cross ahead of the car. He further stated that, at the speed the car was traveling immediately before releasing the brakes, a stop was possible within a distance of 15 or 20 feet. Assuming his estimate of the speed to be correct, the car might readily have been brought to a standstill before reaching the middle of the highway where deceased fell and thus have avoided the accident. The motorman admitted such might have been done had he seen the necessity for so doing. Although the truck had, in the meantime, crossed ahead of the car, the latter was not brought to a stop until it had proceeded a considerable distance, estimated according to witnesses on behalf of plaintiff at over one hundred feet and by defendant's witnesses at sixty feet. The motorman having testified that, if traveling at 40 miles an hour, a stop was feasible within a distance of sixty feet, it appears he was either mistaken as to the speed the trolley was traveling or he

failed to exercise such care as the circumstances required of him in keeping the car under control. The distance it ran beyond the crossing was consequently proper evidence to be considered by the jury in determining whether it was being operated at an excessive speed under the circumstances: McMahon v. Reading Transit and Light Co., 280 Pa. 199. The motorman offers, in explanation of the distance traveled after clearing the crossing, that by reason of the wheels passing over the body of deceased, the track became slippery at this point; the evidence, however, is that this condition applied to but one of the rails; at most this was for the jury.

On the question of warning, the driver testified he listened as he approached the crossing but heard none. A witness sitting beside the driver stated he heard no signal and that if one had been given he believed he would have heard it, though he was not particularly listening for it. The evidence of a witness standing near the driver was to the same effect. In view of the very positive statement of the driver, we cannot say the testimony was purely negative in character, as argued by appellant; it was sufficient to take the case to the jury: Kepp v. B. & O. R. R., 262 Pa. 421.

It is further contended that, assuming negligence on the motorman's part, such carelessness was not the proximate cause of the accident, but the result of the negligent act of the driver of the truck in entering on the track immediately in front of the approaching car. Conceding that the truck driver was negligent, there is no contention that such negligence, under the circumstances, could be imputed to deceased, and, consequently, the fact of the driver's failure to exercise due care would not necessarily relieve defendant from liability for negligence on the part of its motorman. The truck, with those who remained in it, succeeded in safely crossing the tracks and had deceased continued in the truck he would have escaped injury. Nothing intervened between what the jury decided was negligence on

the part of the motorman and the injury to deceased. The question of proximate cause accordingly is eliminated. We have merely a case in which the negligence of the motorman and the negligence of the driver of the truck concurred in producing the unfortunate accident. Had the driver not attempted to cross the track ahead of the approaching car, the accident would not have happened, and had the motorman kept his car under proper control, in view of the circumstances, there would likewise have been no accident. The case, accordingly, falls within the line of decisions holding that where the negligence of two or more persons concur in causing an injury, they are jointly and severally liable and in such case one cannot excuse himself on the ground that the negligence of another figured in producing the result. The rule was stated in Burrell Township v. Uncapher, 117 Pa. 355, as follows:

"If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time. The fact that the injury was caused by the joint negligence of the defendant and a stranger is, of course, no defense; and, unless the person whose fault is relied upon by the defendant as an excuse, was subject to the direction of the plaintiff, his fault cannot properly be charged upon the latter."

The above rule was followed in O'Malley v. Philadelphia Rapid Transit Company, 248 Pa. 292, 295; Jaras v. Wright, 263 Pa. 486, 491, and Thomas v. Southern Pennsylvania Traction Co., 270 Pa. 146, 149.

Finally it is contended plaintiff's husband was guilty of contributory negligence. Deceased was standing in the body of the truck facing the rear. The truck was crowded affording slight opportunity for him to see

whether or not a car was approaching, even had the track not been obstructed by the embankment. Immediately before the truck reached the crossing one of the passengers saw the trolley-wheel of the car above the embankment and gave warning to the driver. Several of those in the rear at once jumped from the truck, and deceased who was the last to leap, alighted in the middle of the car track. There is nothing to show whether he delayed leaving the truck, or was prevented from doing so by others preceding him, nor can it be said, as a matter of law, that his safety was assured had he remained in the truck and his jumping is evidence of negligence on his part. He was placed in a position of sudden peril and entitled to the benefit of the recognized rule that one in such position cannot be held to exercise the highest degree of judgment. Whether he acted as a prudent man, under the circumstances, was clearly for the jury.

The judgment is affirmed.