Dougherty *v.* Merchants Baking Company, Appellant.

Argued December 4, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harry S. Knight,* of *Knight & Kivko,* for appellant.

*Samuel Gubin,* of *Cummings & Gubin,* with him *Jay G. Weiser,* for appellee.

OPINION BY MR. JUSTICE DREW, January 2, 1934:

Defendant appeals from the judgment entered on a verdict against it in this action for damages for the death of plaintiff's husband as a result of injuries sustained by him in a collision between the truck which he was driving and a truck owned by defendant and operated by one of its servants. Defendant's principal complaint is that decedent was guilty of contributory negligence, and that hence the court below erred in overruling its motions for binding instructions and for judgment n. o. v. In reviewing the record we must, therefore, view the testimony in the light most favorable to plaintiff. So considered, the relevant facts are as follows:

The collision occurred in the Borough of Liverpool, Perry County, at or near the intersection of Hoover Street and a through state highway known as the Susquehanna Trail. At that point the latter is a concrete road 18 feet wide, running north and south; Hoover Street, which does not cross the highway, enters it from the west. About eight o'clock on the morning of June 7, 1929, Edward F. Dougherty, plaintiff's decedent, approached the highway from Hoover Street in a light Ford truck 12 or 13 feet long. In obedience to a stop sign at the intersection he stopped the truck, the front wheels of which came to rest about six feet west of the edge of the concrete, and looked up and down the road. The testimony of plaintiff's witnesses was conflicting as to whether or not his view to the north at that point was obscured by trees at the side of the highway. At that moment defendant's truck, somewhat heavier than

the one Dougherty was driving, was between 120 and 150 feet from the intersection, approaching it from the north at a speed of 40 miles an hour, and there was no other traffic on the highway. Dougherty, without giving any signal, drove upon the highway, and started across the road in a southeasterly direction at a speed of from 5 to 8 miles an hour. He had not yet cleared the intersection and his truck was in a diagonal position, facing south, on the far side of the road, when it was struck on the left side and pushed about 35 feet by defendant's truck, the speed of which had not been reduced. At the moment of the collision the front wheels of Dougherty's truck were about three feet from the edge of the concrete and its rear wheels about the center of the road. When he saw Dougherty's truck enter the intersection, defendant's driver turned to the left to pass, but at that instant Dougherty entered the same lane of traffic, cutting him off, and the collision resulted. If defendant's driver had had notice of Dougherty's intention to cross to the left side of the road, he could have passed on his own side to the rear of Dougherty's truck. When the vehicles came to rest after the collision, Dougherty's truck was almost completely off the highway, and at right angles to it, facing a store on the east side of the road; its left side was considerably damaged, and the back of the driver's seat was bent. As a result of internal injuries which he received in the collision, plaintiff's husband died fifteen months later.

The bare recital of the above facts makes it apparent that the decedent was guilty of contributory negligence in entering the highway, and even more particularly in attempting to cross it in the way he did. Upon reaching the intersection it was his duty, by the Act of May 1, 1929, P. L. 905, to stop (section 1016) and to yield the right of way (section 1014) to vehicles approaching the intersection on the main highway from either direction. He did not perform his whole duty merely by stopping in obedience to the sign. Even if his view to

the north was obstructed at the point where he stopped —which is doubtful—he could not blindly proceed, but was bound to continue to look for approaching vehicles, keeping his truck under such control that he could stop at any moment in order to avoid a collision: Byrne v. Schultz, 306 Pa. 427; Peters v. Atlas Powder Co., 313 Pa. 115; see McGurk v. Belmont, 297 Pa. 192; Adams v. Gardiner, 306 Pa. 576. If, when he started, defendant's truck was hidden from his vision, his view of the road constantly increased as he went forward, and he could have seen it before he had actually entered upon the highway. Had he then stopped, there can be no doubt the accident would have been averted. Defendant's truck had the right of way, and decedent was bound to permit it to pass, unless, as we have so often said, he was so far in advance that, in the exercise of reasonable care and prudence, he was justified in believing that he could cross the intersection ahead of the approaching vehicle without danger of a collision: Weber v. Greenebaum, 270 Pa. 382; Alperdt v. Paige, 292 Pa. 1; Weinberg v. Pavitt, 304 Pa. 312. This duty he did not observe. Defendant's truck was so close to the intersection at the time decedent saw it or was bound to see it, and was traveling at such a rate of speed, that he could not help but know that he could not cross the intersection ahead of it without testing an obvious danger. Yet he proceeded to do so, and without giving any warning or signal whatever to indicate the unusual manner in which he intended to cross the road. He should have realized that the driver of the approaching truck, seeing him turn to the right out of the side street, would expect him to continue on the right side of the road, and might attempt to pass him in the usual way on his left. Under the circumstances, decedent's entering the highway and attempting to cross it diagonally, without giving any indication of his intention, was a particularly negligent act. His conduct contributed greatly to the accident, and defendant's

point for binding instructions should have been affirmed. The learned trial judge erred in submitting the case to the jury.

The judgment is reversed and here entered for defendant.