Emblem Oil Company *v.* Taylor (et al., Appellant).

260

Argued April 9, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*C. E. Bordwell,* of *Bordwell & Eldred,* with him *Joseph H. Goldstein,* for appellant.

*R. Pierson Eaton,* for appellee.

Opinion by Parker, J., July 18, 1935:

The Emblem Oil Company, operator of a gasoline filling station, brought an action in trespass against D. L. Taylor to recover damages suffered by reason of the alleged negligence of Taylor in driving a truck into its property and colliding with and destroying its pumps. That defendant, by appropriate writ of scire facias, brought upon the record an additional defendant, W. R. Painter, alleging that Painter was solely or jointly responsible for the damage. The plaintiff has a judgment against both defendants and the defendant Painter has appealed to this court.

The appellant first assigns as errors the refusal of his request for binding instructions in his favor and the subsequent refusal of a motion for judgment n. o. v. We are of the opinion that the court correctly submitted to the jury the questions of the negligence of both defendants. It is not suggested that the plaintiff was not entitled, under the evidence, to a verdict, but the defendant Painter says that Taylor alone was liable. Taylor has not appealed.

We will state the evidence in a light most favorable to the view that plaintiff was entitled to a judgment against Painter as well as Taylor, drawing all reasonable inferences supporting that conclusion. The plaintiff maintained a gasoline filling station on the south side of a public street in the Borough of Warren, with the usual approaches. The highway for a considerable distance in both directions was straight and opposite the filling station was paved thirty-four feet wide between the curbs. The defendant Taylor at about six-thirty in the evening of January 20, 1934, was driving a Chevrolet truck, which weighed 4,800 pounds, eastwardly on the south side of the public highway and about two feet from the south curb, at the rate of twenty-five miles per hour. When at a point about seventy-five feet from a manhole in the street, Taylor

saw Painter leaving the gasoline station at that point and blew his horn. When Taylor saw that Painter was proceeding into the highway, he put on his brakes and slowed his car somewhat, thinking that Painter would continue on, but he did not do so and stopped directly in front of the line of travel of Taylor's car. Taylor thus discloses what took place at that point as follows: "As his front wheels were going over that line there, I see he was going to stop directly in front of me, I slammed on my brakes there and cut in to avoid hitting him. After I got in behind him, there was this car of Mr. Gallagher's parked at this pump here; as my lights flashed on that car I saw people in the back end of that car, I cramped my truck the best I could to try to get between the pumps and the station, but I could not get in there and my front wheels were astraddle of this island here and knocked this pump over here, and this one down here. When the car came to a rest it set in such a manner that my right rear wheel was in here some place." It further appeared that there was a car standing on the north side of the pavement opposite the filling station, and that the center of the highway was dry but the edges near the curb were icy, wet and slippery.

It is provided by Section 1014 of the Vehicle Code of 1929, as amended by the Act of June 22, 1931, P. L. 751 (75 PS 573), as follows: "The driver of a vehicle entering a highway from a private road or drive shall yield the right of way to all vehicles approaching on such highway." It follows that the position of one entering from a private way is not any more favorable than that of one who approaches a through highway or stop intersection or of one who approaches an ordinary street intersection with a car approaching from the right. Consequently, the general rule so frequently announced by the Supreme Court is applicable. Painter was bound, when approaching the public highway from

a private way, to permit an approaching car to pass unless "he was so far in advance that, in the exercise of reasonable care and prudence, he was justified in believing that he could cross the intersection ahead of the approaching vehicle without danger of a collision": Dougherty v. Merchants Baking Co., 313 Pa. 557, 560, 169 A. 753. The defendant Painter, seeing a car approaching at the rate of twenty-five miles per hour on a path that was slippery and wet, not only drove directly in the line of travel of the approaching car but stopped in such a position as to occupy the southern half of the roadway. Under these circumstances it is clear that it was for the jury and not for the court to say whether the defendant Painter was justified in believing, after the exercise of reasonable care and prudence, that he could cross the intersection ahead of the vehicle of Taylor without danger of collision. Not only so, but by stopping crosswise of the street, a situation was created which certainly made his negligence a question of fact for the jury. The sole question for our consideration on this phase of the case is whether Painter was negligent and not whether Taylor was also at fault. Where the negligence of two persons concurs in causing an injury, they are jointly and severally liable and in such case one cannot excuse himself on the ground that the negligence of another figured in producing the result: Smith v. Reading T. & L. Co., 282 Pa. 511, 516, 128 A. 439; Hitchins v. Wilson, 68 Pa. Superior Ct. 366.

The remaining assignment of error complains of the action of the trial court in molding the verdict. The verdict as received by the court from the jury was as follows: "We the jurors empanelled in the above entitled case, find the Emblem Oil Co. shall be awarded the sum of $587.92. The defendant D. L. Taylor shall pay $440.94 and the additional defendant W. R. Painter shall pay $146.98." On motion, the court di-

rected judgment to be entered as follows: "January 31, 1935, judgment is entered in favor of plaintiff and against D. L. Taylor, defendant, and W. R. Painter, additional defendant, for five hundred eighty-seven and 92/100 dollars, with interest from December 10, 1934, and costs."

"Where the intention of the jury is plain, the court may mold the verdict into form according to the requirements of the law": Smullin v. Harenski, 106 Pa. Superior Ct. 453, 455, 162 A. 319. In the case of Keen v. Hopkins, 48 Pa. 445, Justice AGNEW said: "We may say that great discretion should be allowed to the courts below, in putting into form and amending verdicts. Where the court has any elements from which it can fairly expound the verdict, and carry out its substantial finding, we are not disposed to scrutinize its exercise of the power of amendment with much nicety." "An application to amend or alter the record, to grant or deny, rests within the sound discretion of the court": Cohen v. Scheuer, 115 Pa. 178, 183, 8 A. 421. Also, see Friedly v. Scheetz, 9 S. & R. 156, 165; Fisher v. Kean, 1 Watts 259. Under the charge of the court the verdict indicated clearly the damages to which the plaintiff was entitled and that both defendants were negligent. There is not any room for misunderstanding or confusion and there is not any contradiction in the terms of the verdict as originally rendered. The jury undertook to measure the comparative responsibility of the defendants, a right which is not recognized by the laws of this state, and in doing so their recommendation was mere surplusage. This case bears a strong resemblance to Haller v. Haller, 45 Pa. Superior Ct. 409, where the jury rendered a verdict and then followed it with a recommendation as to what they thought in good conscience should be done. We have no doubt of the right of the court to amend the verdict as was done in

this case. It would, however, have been preferable, and it is better practice, for the court to amend such a verdict before the jury is discharged, thus avoiding delay.

Judgment affirmed.

Argued April 9, 1935. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.