Carroll *v.* Kirk, Appellant, et al.

212

Submitted December 16, 1940.

Before KELLER, P. J., CUNNING-

HAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Chas. E. Workman,* for appellant.

*Harold G. Ripple* and *W. Hensel Brown,* for appellee.

OPINION BY KELLER, P. J., April 16, 1941:

The defendant, Howard T. Kirk, has taken two appeals. The one, No. 164, from the refusal of the court below to grant him a new trial; the other, No. 236, from the entry of judgment on the whole record in favor of the additional defendants.

The action was in trespass, brought by Wilmer Carroll, the owner of a Plymouth coach automobile, against Kirk, the owner and driver of a truck with which it collided on July 22, 1937, to recover the property damage which he sustained because of the collision.

The plaintiff was not in the car at the time of the collision. It was driven by his wife, Esther Carroll, who, with the consent of the plaintiff was using it to

drive to a church festival. She had with her on the trip her three children and two guests, Addison Spence and his daughter, Effie Spence.

Mrs. Carroll was driving the car northward on a macadamized state highway sixteen or eighteen feet wide. The car collided with defendant's truck, which he was driving from his private lane across the road to his meadow.

Separate actions were brought in Lancaster County (1) by Wilmer Carroll for his property damage (this case) to No. 23 December Term 1937, and (2) by Effie Spence and (3) Addison Spence, respectively, for personal injuries, to Nos. 34 and 35 February Term 1938. The defendant Kirk issued a praecipe in each of them to bring in additional defendants by scire facias proceedings. In the action brought by Wilmer Carroll, Addison Spence and Esther Carroll were added as additional defendants, the allegation being that they were negligent in operating an unlighted automobile at an unlawful speed and without adequate brakes whereby they collided with defendant's truck. In the action by Effie Spence, Wilmer Carroll, Esther Carroll and Addison Spence were added as additional defendants. And in the action brought by Addison Spence, Wilmer Carroll and Esther Carroll were added as additional defendants. Furthermore, in his amended affidavit of defense, the defendant Kirk set up a cross-action (Act of April 4, 1929, P. L. 140, amending section 13 of the Practice Act of 1915, P. L. 483; *Beason v. Pierce*, 321 Pa. 398, 184 A. 650) against the plaintiff Carroll alleging negligence on his part in permitting his automobile to be driven on the public road by Esther Carroll and Addison Spence at an unlawful speed without adequate brakes or any brakes, whereby they drove into and collided with defendant's truck causing damage to it.

The cases were tried together. This case is an example of the wisdom of the Rule of Civil Procedure,

No. 2252, which gives the lower court some discretion in adding additional defendants to an action, and suspends the Act of June 25, 1937, P. L. 2118[1], (amending the scire facias Act of 1929, P. L. 479), which was found to have complicated, rather than simplified, the procedure. As the learned and experienced judge, who presided at the trial, said in his opinion, "the jury trying the cases thus had nine issues of fact before them for decision, and it is not surprising that they had some difficulty in meeting the direction of the Court with respect to finding verdicts as to the additional defendants."

After fully explaining the various issues in his charge, the trial judge closed by saying: "In awarding damages, you must first find who was the party responsible for the accident, and, therefore, who is the party against whom you assess the damages, and you must say so by your verdict. If you find that any damages are to be assessed, you must say against whom they are to be assessed."

The jury returned a verdict finding "in favor of Wilmer Carroll, plaintiff, for $100 damages, and against Howard T. Kirk, defendant pay costs of suit." Small verdicts were similarly rendered in favor of Effie Spence and Addison Spence against the defendant, Howard T. Kirk, in their respective actions.

Twice the court sent the jury back to make a finding as respects the additional defendants, sending with them a blank form of verdict, with the caption of the suit properly filled out, and twice they returned it, with certain *names* struck from the list of defendants, but with the verdict practically the same as at first, except that it reiterated the finding in favor of Wilmer Carroll and against Howard Kirk, and the court received it in that form, over the defendant's objection.

---

[1] See *Rau v. Manko et al.*, 341 Pa. 17, 17 A. 2d 422, (LINN, J.) filed January 6, 1941; 332 Pa. CXXIV and CXXVI.

The defendant then moved the court (1) for judgment non obstante veredicto and (2) for a new trial; and the additional defendants, Esther Carroll and Addison Spence, moved for judgment in their favor on the whole record. The court refused the defendant's motion for judgment non obstante veredicto, and discharged his rule for a new trial; and allowed the motion of the additional defendants, and entered judgment in their favor. The defendant, Kirk, appealed as first above stated. We will consider the appeals in reverse order.

## I.

A review of the record furnished us on appeal, including the evidence, the charge of the court, (which closed as above stated), and the occurrences in court when the several verdicts were rendered, satisfies us that it was clearly the intention of the jury to render a verdict in favor of the plaintiff Carroll and against the defendant Kirk, and against no one else, for $100, and that the damages so assessed were to be paid by the defendant Kirk and by no one else; and that the trial judge at the rendition of the last verdict would have been justified in moulding it so as to include a finding in favor of the additional defendants: *Jones v. Stiffler*, 137 Pa. Superor Ct. 133, 8 A. 2d 455. The action of the jury following the supplemental directions of the court, could have no other meaning. While it is the better practice to mould the verdict before the jury is discharged, it may be done later where the meaning is clear: *Emblem Oil Co. v. Taylor*, 118 Pa. Superior Ct. 259, 264, 265, 179 A. 773. The action of the court below in entering judgment on the whole record in favor of the additional defendants, was not, strictly speaking, the entry of judgment notwithstanding the verdict, but in accordance with the verdict, which placed the payment of plaintiff's damages on the defendant Kirk and made no provision for any liability on the part of the additional defendants over to him or jointly with him.

The judgment was not entered under the Act of April 22, 1905, P. L. 286, but was in accordance with the underlying purpose of the Act of June 29, 1923, P. L. 981, which gives the court authority in actions in which two or more defendants are averred in the pleadings[2] to be jointly liable for the cause of action specified, to dismiss the action as to some and proceed against the others,[3] and to enter judgment in favor of a defendant although no point for binding instructions was presented at the trial. The Act of 1923 applies to additional defendants who are brought on the record by scire facias proceedings under the Act of April 10, 1929, P. L. 479, and its amendments, where the original defendant alleges that they are jointly liable with him, for the Act of 1929 provided that such additional defendants might be brought upon the record "with the same force and effect as if [they] had been originally sued." The defendant Kirk, in his praecipe for a scire facias to bring Esther Carroll and Addison Spence on the record as additional defendants, averred, inter alia, that they were "jointly ......liable [for the cause of action] to the extent of the whole of the amount which may be recovered." Having made this averment and procured their summoning as additional defendants to meet said averment, it does not lie in his mouth to deny that they come within the provisions of the Act of 1923 regulating the procedure in actions brought against two or more defendants who, it is pleaded, are jointly liable.

## II.

Nor was there any error in refusing the defendant Kirk a new trial.

The allegations of the defendant in the praecipe which brought Esther Carroll and Addison Spence on the record as additional defendants were: "That Esther

---

[2] *Schuster v. Largman,* 318 Pa. 26, 178 A. 45.

[3] See note to *United Societies, etc. v. Klochak et al.,* 340 Pa. 159, 161, 16 A. 2d 373.

Carroll and Addison Spence were negligent in operating an unlighted 1929 model Plymouth sedan [coach] upon the public roads at an unlawful speed without adequate brakes or any brakes, whereby they collided with and damaged defendant's one ton delivery Chevrolet truck," etc.; and the cross-suit or counterclaim filed by the defendant against them made the same averments of alleged negligence. Yet the evidence wholly failed to substantiate any of them. The plaintiff's car did not have its lamps lit, it is true, but there was no occasion for them to be lighted. The accident occurred about 6:45 o'clock p.m. on July 22, 1937, a clear dry day, a full half hour or more before sunset. There was no proof that the car was being operated at an unlawful speed. The evidence was that it was traveling between thirty and thirty-five miles an hour on a level road. The suggestion of appellant's counsel that the unlawful speed of plaintiff's car might be inferred from the strength of the impact which caused defendant's car to break a post and fence and go 125 feet into his meadow, has no force in view of defendant's own testimony that his throttle or accelerator became jammed, causing the car to go that distance. It rather tends to support Mrs. Carroll's testimony of his sudden appearance upon the road. Addison Spence did not drive or operate the car at all, and the verdict in his favor in his action against the defendant conclusively established that the jury found that he (Spence) was not negligent. There was no competent proof, worthy of the name, that the brakes on the car the day of the accident were defective or not adequate. The only competent evidence in the case was to the contrary. Wilmer Carroll testified, on cross-examination, that the brakes worked satisfactorily the morning of the accident, when he drove the car; and Mrs. Carroll, on cross-examination, said that she had applied the brakes and slowed down the car when coming down a hill just before she arrived at the five hundred foot stretch of

level road, which she traversed before Kirk came suddenly out of his lane and drove onto the road with the purpose of crossing into his meadow; and that the brakes worked all right then. They had been inspected about three months before and found in good condition. Testimony that two of the eight brake-bands or shoes, when they were removed from the car a month after it had been sold as junk and towed to a junk yard and left there, had no brake lining on them, raised no inference whatever as to their condition on the day of the accident. It was too remote in time and circumstance to have any probative value whatever standing by itself or in the face of the testimony elicited by defendant on cross-examination.

The plaintiff's car had the right of way: Act of May 1, 1929, P. L. 905, Art. X, sec. 1014(a), 75 PS §573(a); *Dougherty v. Merchants Baking Co.*, 313 Pa. 557, 169 A. 753; *Emblem Oil Co. v. Taylor*, supra. When defendant came out of his lane or driveway, which was hidden to some extent by posts, etc., he had a clear level view to his right for five hundred feet. If he had looked as he should have done, first to his left—for traffic first approaches from that side—and then to his right, he could not have failed to see plaintiff's car coming. Instead, he said he looked first to his right and then to his left and *kept looking to his left* until the front of his car was past the center of the road and then looked to his right and saw the plaintiff's car upon him. The jury were justified in finding either that he did not look at all to his right or that he had been negligent in not looking there before he entered on the road. It is useless for one to say he looked when if he had done so he must have seen the approaching car. The evidence of defendant's negligence was overwhelming and the jury were amply justified in finding that he and he alone was negligent and responsible for the collision.

The order and judgment appealed from are respectively affirmed.