## Stefanick et ux. v. Dawson et al.

*B. H. Marks*, for plaintiffs.
*Whiteman, Voorhies, Dilley & Keck*, for defendants.
*Cusick, Wiesen & Madden*, for additional defendant.

MCKAY, J., November 4, 1954.—On February 12, 1954, a right-angle collision of two automobiles occurred in Hickory Township, Mercer County, Pa. One of the automobiles was owned and operated by Evelyn Stefanick, her minor children, Gladys Elaine Stefanick and Gerald Stefanick, being passengers in her car. The other was owned and operated by Robert Dawson, his wife, Margaret Dawson, being one of the passengers. Evelyn Stefanick, Margaret Dawson, and the two Stefanick children were injured in the collision, and the present suits resulted.

They are:

Case 1. The case of Raymond J. Stefanick and Evelyn Stefanick, husband and wife, v. Robert Dawson, at September term 1954, no 22, hereinafter called Evelyn Stefanick's case. It was brought to recover for the damages to her car and for her personal injuries. It was originally part of June term, 1954, no. 50, but was separated upon motion so that Dawson and his wife could sue her for their damages (case 2).

Case 2. The case of Robert Dawson and Margaret Dawson, husband and wife, v. Evelyn Stefanick, at September term 1954, no. 152, hereinafter called the Dawson case.

Case 3. The case of Gladys Elaine Stefanick and Gerald Stefanick (minors), by their parents as guardians, and Raymond J. Stefanick v. Robert Dawson, original defendant, and Evelyn Stefanick, additional defendant, at June term, 1954, no. 50, hereinafter called the minors' case. It was brought to recover damages for the injuries sustained by the minors.

The three cases were consolidated for trial and resulted in verdicts as follows:

Case 1. "Verdict: And now, to wit, October 12, 1954, we, the jurors empaneled in the above-entitled case, find the verdict in favor of the defendant. Both drivers guilty of negligence."

Case 2. "Verdict: And now, to wit, October 12, 1954, we, the jurors empaneled in the above-entitled case, find the verdict in favor of the defendant. Both drivers' guilty of negligence. Award Mrs. Dawson $1,100 (eleven hundred dollars)."

This verdict was amended by the court in the presence of the jury, and without exception by the parties, to read as follows:

"And now, to wit, October 12, 1954, we, the jurors empaneled in the above-entitled case, find the verdict in favor of the defendant as to the claim of the plaintiff Robert Dawson. Both drivers guilty of negligence. For the plaintiff Margaret Dawson for $1,100."

Case 3. "Verdict: And now, to wit, October 12, 1954, we, the jurors empaneled in the above-entitled case, find the verdict in favor of the plaintiff. Award Elaine Stefanick $1,000 (one thousand dollars); award Gerald Stefanick $300 (three hundred dollars)."

Unfortunately, there were errors in the captions of the verdict slips which had been prepared for the use of the jury. The caption of the verdict slip for the minors' case (June term 1954, no. 50) bore the erroneous term and number, "No. 22 of September Term 1954", whereas the slip for Evelyn Stefanick's case (September term, 1954, no. 22) erroneously bore the term and number, "No. 50 of June Term 1954." This error was probably due to the fact that originally the two cases were one, June term 1954, no. 50, and when, on petition for severance, Evelyn Stefanick's case was given the new number, September term, 1954, no. 22, the respective numbers and terms were inadvertently reversed in the preparation of the verdict slips. Similarly, in preparing the verdict slip for the minors' case (June term, 1954, no. 50), the name of only the original defendant, Robert Dawson, was copied upon the caption of the slip, and the name of

the additional defendant, Evelyn Stefanick, who had been subsequently added, was omitted.

These errors in the captions of the verdict slips, supplementing the usual difficulty incidental to multiple party trials, caused some confusion in the verdicts, the principal difficulty being the question whether the verdict in the third case (the minors' case at June term, 1954, no. 50) was against only original defendant, whose name only appeared in the caption of the slip, or against both original and additional defendants. The body of the written verdict did not specify any defendant.

We charged the jury that the minor's case was against both Robert Dawson as original defendant and Evelyn Stefanick as additional defendant, and instructed them in substance that if they found both Robert Dawson and Evelyn Stefanick guilty of negligence which was the direct cause of the collision, and that minor plaintiffs were entitled to damages, they should return a verdict against both Robert Dawson, original defendant, and Evelyn Stefanick, additional defendant, for such damages as the minors were entitled to receive.

The jury agreed upon the respective verdicts after the adjournment of court and returned sealed verdicts. When the verdicts were opened and read, the error in the caption as to defendants in the minors' case was disclosed, whereupon we asked the jury if they intended the verdict to be against Robert Dawson, original defendant, or Evelyn Stefanick, additional defendant, or both. The foreman replied that they had not considered that. The jury was then discharged.

On October 15, 1954, counsel for defendant Robert Dawson filed a petition to mould and amend the verdict in the minors' case so that it would be against both Robert Dawson, original defendant, and Evelyn Stefa-

nick, additional defendant. A rule was granted and on November 1, 1954, the matter was argued by counsel. This petition is the subject of the present opinion.

We are of the opinion that the petition to amend the verdict should be granted.

Since the jury in their verdicts in the companion cases made specific findings that both Robert Dawson, original defendant, and Evelyn Stefanick, additional defendant, were guilty of negligence in causing the collision involved in this case, it is obvious that any verdict which they rendered in favor of minor plaintiffs could only be against both defendants.

Therefore, notwithstanding the foreman reported that they had not considered whether the verdict should be against original defendant, or against additional defendant, or against both, a verdict in favor of minor plaintiffs must necessarily be against both. Any other verdict would be inconsistent with their specific findings that both defendants were negligent.

It is unfortunate that the caption of the case as set forth in the verdict slip omitted the name of additional defendant and that the term and number of two of the cases were reversed. However, there is no indication that the jury was misled by these errors or that the issues were not understood and decided. Having found original defendant and additional defendant both negligent in causing the collision which resulted in the injuries to minor plaintiffs, and having returned a verdict in favor of minor plaintiffs in specified amounts, the verdict in those amounts must necessarily be against both original defendant and additional defendant and should be so amended as to accomplish the result which the jury's expressed intention necessarily compels.

It is well settled that, even after a jury has disbanded, the court may, in a clear case, amend a

verdict so as to make the corrected verdict conform to the obvious intention of the jury: Barclay et al., v. Kerr et al., 110 Pa. 130; Maize admr., v. Atlantic Refining Company, 352 Pa. 51; Carroll v. Kirk et al., 144 Pa. Superior Ct. 211; East Broad Top Transit Company v. Flood, 326 Pa. 353.

The situation here is similar to that in the case of Shively v. McDonnell, 308 Pa. 298, where, in an action against a defendant and his surety, a verdict against the surety only was held to have been properly moulded so as to be against both defendants.

Counsel for additional defendant does not appear to contest the right of the court to amend the verdict provided additional defendant had been properly joined. His principal objection is that Evelyn Stefanick was not made an additional defendant to the minors' action in the first place. His contention is that no writ to join her was ever served or even issued.

This same question arose at the trial when counsel objected to the jury being sworn in any action against Evelyn Stefanick as an additional defendant, and assigned the same reason now advanced. We overruled the objection at that time when it appeared that, while it is true that no writ to join her was served upon her or even issued, a præcipe to issue a writ to join her as additional defendant in that action had been filed on August 16, 1954, a complaint of original defendant against her had also been filed on that date, and on the same date her attorney of record in the case which she had filed as plaintiff, B. H. Marks, had signed and filed of record an entry of his appearance for "Evelyn Stefanick, additional defendant in the above-entitled case". At the argument Mr. Marks also stated that he had received from original defendant's attorney a copy of the complaint of original defendant against Mrs. Stefanick as ad-

ditional defendant. The receipt by her attorney of a copy of the complaint is the equivalent of the service of the complaint upon her: Goodrich-Anram Civil Practice, Rule 2254(*b*) 1.

We were of the opinion that these facts of record brought Mrs. Stefanick into the case as an additional defendant and accordingly we overruled the objection to swearing the jury in the case against her in that capacity.

We are still of the same opinion. She has the right to be represented by her attorney as plaintiff and by another, possibly retained by her insurer, to defend any action against her. But her attorney of record, whether for offense or defense, had the right to enter his appearances on her behalf in any action against her, whereupon she became a party of record as fully as if she had been served with the writ to join. It is a rule generally recognized as fundamental to judicial proceedings that service of summons is waived by a general appearance on the part of a defendant: 1 Standard Pa. Practice 436. By his general appearance defendant submits himself to the jurisdiction of the court (Lytle v. McCune, 20 Pa. Superior Ct. 594), and is considered in court for all purposes: Pyles, executrix, v. Bosler, executrix, et al., 313 Pa. 548; 1 Standard Pa. Practice 429. There is no reason why the same rule should not apply to an appearance for an additional defendant as in the present case.

We must therefore hold that Evelyn Stefanick was properly joined as an additional defendant in the present case and overrule her objection to amending the verdict so that it will apply to her as additional defendant, based upon the contrary view.

We have heretofore noted that the verdict slips in the cases at June term, 1954, no. 50 (the minors' case) and at September term, 1954, no. 22 (Evelyn Stefanick's case) contain patent errors in their cap-

tion in that the terms and numbers are reversed, and that the former (June term, 1954, no. 50) omits the name of Evelyn Stefanick as additional defendant. These errors on the record require correction at this time to prevent confusion in the further disposition of the cases.

*Order*

Now, November 4, 1954, it is ordered that the verdict slip in the case of Gladys Elaine Stefanick, and Gerald Stefanick (minors), by Raymond J. Stefanick and Evelyn Stefanick, their guardians, and Raymond J. Stefanick v. Robert Dawson, defendant, and Evelyn Stefanick, additional defendant, at June term, 1954, no. 50 be amended so that the names of the parties in the caption of the slip shall read as above set forth and that the term and number in the caption of the slip in that case, which now erroneously reads "No. 22 of September term, 1954", shall read: "No. 50 of June term, 1954", and the prothonotary is directed to correct the verdict slip accordingly.

It is further ordered that the verdict slip in the case of Raymond J. Stefanick in his own right and Evelyn Stefanick in her own right v. Robert Dawson, at September term, 1954, no. 22, be amended so that the term and number in the caption of the verdict slip in that case, which now erroneously reads "No. 50 of June term, 1954", shall read "No. 22 of September term, 1954", and the prothonotary is directed to correct the verdict slip accordingly.

It is further ordered that the verdict in the case of Gladys Elaine Stefanick and Gerald Stefanick, (minors), by their parents and guardians, v. Robert Dawson, at June term, 1954, no. 50, shall be moulded and amended to read as follows:

"And now, to wit, October 12, 1954, we, the jurors empaneled in the above-entitled case, find a verdict

against Robert Dawson, original defendant, and Evelyn Stefanick, additional defendant, in favor of Gladys Elaine Stefanick in the sum of $1,000 and in favor of Gerald Stefanick in the amount of $300"; and the prothonotary is directed to correct the record accordingly.