# Berry *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Automobile—Collision—Conflicting testimony—Charge of court.*

1. In an action by two plaintiffs against a street railway company to recover damages for personal injuries sustained by a collision between a street car and an automobile in which the plaintiffs were riding, where the plaintiffs rest their case upon their own testimony not corroborated by a single witness, and the defendant produces twelve witnesses most of them disinterested who directly contradict the testimony of the plaintiffs in most essential matters, it is reversible error for the trial judge to fail to call the jury's attention to the lack of corroboration of the testimony of the two plaintiffs and of the very strong preponderance of the testimony in favor of the defendant.

2. Where counsel request the trial judge to instruct the jury upon a particular matter, and states specifically what instruction he desires and such instruction relates to an essential feature of the case, the trial judge should not merely say that counsel was quite right and the court adopted his statement, without further carefully instructing the jury on the questions raised by the request.

3. When counsel presents a point couched in proper terms, and

which asks the court to refer the questions of fact on which it is predicated to the jury, and for instructions as to the law in case the jury shall find the facts as the counsel contends, then the point ought to be plainly read to the jury and unqualifiedly affirmed.

4. A party is entitled to a distinct and responsive answer to his points, if they are properly drawn, present questions that fairly arise, and can be answered by a simple affirmance or refusal.

Argued May 15, 1913. Appeal, No. 210, April T., 1913, by defendant, from judgment of C. P. Allegheny Co., May T., 1911, No. 425, on verdict for plaintiff in case of Daniel B. Berry v. Pittsburg Railways Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before COHEN, J.

The facts are stated in the opinion of the Superior Court.

After the charge counsel for defendant made this suggestion to the court:

Mr. Smith: I was going to suggest this, if the court please: You began your charge by looking at it from the standpoint and the story of the plaintiff, and of course in that story there is nothing about the cars that were standing on Fifth avenue. You did not then, it seems to me, at least, sufficiently look at it in your charge from the other standpoint, supposing the two cars were standing there; in which case, of course, this automobile would come out from behind the cars, and there would be the duty of the motorman, with the car coming out from behind the cars, somewhat different from what it was if it had been in his view all the time, and the circumstances would be somewhat different. Also, as far as the chauffeur was concerned, if he were coming out from behind the cars, close to a street car track, it would be different. There are the two stories that are so entirely different that it seems to me they ought each to be looked at from different standpoints.

The Court: Gentlemen, you have heard what Mr. Smith says, and he is quite right, and I adopt his statement as a part of my charge, which you will give attention to.

I believe I did tell you that, as to the cars that were standing on Fifth avenue, the Fifth, Shady and Penn car and the South Highland car. The defendant's witnesses swear that those cars were standing there, and the motormen and the conductors that were in charge of those cars, some of them, were produced and swore to it; whilst, on the other hand, Berry and the chauffeur both swore that there were no such cars there. These points are to be considered by you along with the general testimony."

Mr. Smith: I wish an exception noted to your honor's answer to my request to charge more particularly as to the situation in regard to the Fifth avenue cars.

The Court: I adopted your own language. What else?

Mr. Smith: That is all. Exceptions allowed and bills sealed. [2]

Defendant presented these points:

3. Even if the jury find from the evidence that there was negligence on the part of the defendant, nevertheless, if they also find from the evidence that the speed at which the automobile was running was the proximate, and not simply a contributing cause of the accident, the verdict must be for the defendant. *Answer:* That point is affirmed, with the qualifications suggested in the general charge. [3]

4. If the plaintiff, Berry, was seated in the front seat of the automobile and had a view of the tracks of the street railways company on Craig street, and knew that he was about to cross those street car tracks, then he had no right to rely solely upon the vigilance of the driver of the automobile, but was bound himself to look and listen for the approach of the street car; and if he failed to do so, or if having looked, he knew that the automobile was approaching street car tracks under

such circumstances as indicated that a collision between the automobile and the street car was likely to happen, he was bound promptly upon becoming aware of that fact, to make a protest to the driver against going ahead, and if he failed to do so, he was guilty of contributory negligence, and cannot recover in this case. *Answer:* This point is affirmed, as qualified in the third point. That means, as qualified by my general charge. [4]

5. If the plaintiff, Berry, became aware that either on account of the speed of the street car or because it was not going to make its safety stop, or for any other reason, that there was danger of a collision between the automobile and the street car, while the automobile was still a sufficient distance from the street car to have stopped in time to avoid a collision, but did not protest to the driver of the automobile until the automobile was so close to the track that it was then impossible to stop in time, then the plaintiff Berry was guilty of contributory negligence, and cannot recover. *Answer:* This point is affirmed, as qualified in the preceding points. [5]

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Errors assigned* were (2–5) above instructions, quoting them.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—As to the inadequacy of the charge of the court the authorities are numerous. We cite the following: Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244; Holden v. R. R. Co., 169 Pa. 1; Tietz v. Phila. Trac. Co., 169 Pa. 516; Richards v. Willard, 176 Pa. 181; Fineburg v. Pass. Ry. Co., 182 Pa. 97; Cooley v. Traction Co., 189 Pa. 563; Clark v. Union Traction Co., 210 Pa. 636; Hodder v. Rapid Transit Co., 217 Pa. 110; Davies v. Rapid Transit Co., 228 Pa. 176; Cohen v. Phila. Rapid Trans. Co., 228 Pa. 243; Lingle v. Scranton Railway Co., 214 Pa. 500.

As to the answering of our points by a reference to the general charge, we cite the following authorities: Huddleston v. West Bellevue Boro., 111 Pa. 110; Duncan v. Sherman, 121 Pa. 520; People's Sav. Bank v. Denig, 131 Pa. 241.

A party is entitled to a distinct and responsive answer to his points, if they are properly drawn, present questions that fairly arise, and can be answered by a simple affirmance or refusal: Whitmire v. Montgomery, 165 Pa. 253; Lingle v. Scranton Railway Co., 214 Pa. 500; McNees v. Sims, 231 Pa. 386; Goldstein v. Adams Express Co., 32 Pa. Superior Ct. 190; Sutton v. Pennsylvania R. R. Co., 214 Pa. 274.

*Meredith R. Marshall*, with him *Rody P. Marshall*, for appellee.

Opinion by Morrison, J., October 13, 1913:

On the evening of November 22, 1910, just before dark, Harry DeHall, a colored chauffeur, was driving his employer's automobile eastwardly on Fifth avenue in the city of Pittsburg and he picked up Berry, plaintiff in this case, also a colored man, who was standing on a street corner at some point on Fifth avenue below the Craig street crossing of said avenue. There were no other occupants of the automobile except the two colored men. They continued eastwardly on Fifth avenue on the right hand or south driveway, between the street car track and the curb. At the corner of Fifth avenue and Craig street, the strong weight of the testimony appears to show that the automobile struck the side of a street car which was attempting to cross Fifth avenue, on Craig street, going southwardly. The testimony of a large number of witnesses tends to show that the speed of the automobile was so great that when it struck the car it was considerably damaged and both occupants of the automobile were severely injured. Each of these occupants of the automobile brought suit against the defendant and their cases

were tried together. They both testified that they saw the street car and watched it for a considerable distance before it reached Fifth avenue and they attempted to excuse themselves for the accident by testifying that the car did not make its customary safety stop before crossing Fifth avenue and that it was running rapidly and they heard no gong sounded. They both also testified that there were no cars standing on Fifth avenue between them and the Craig street car and that they plainly saw that car rapidly approaching and attempting to cross Fifth avenue. They both denied that they ran their automobile against the street car and claimed that the automobile was brought to a stop so close to the Craig street track that it was struck by the corner of the street car. Berry, the appellee, claimed that when the automobile was opposite the corner of the cathedral, about 125 feet from the Craig street tracks, he saw that the street car was approaching so rapidly that he was afraid there was going to be a collision, yet that he made no effort to warn De-Hall nor made any protest against going ahead until within ten feet of the track. It appears from the testimony that there were a large number of persons present and in the vicinity of the accident and yet the two men in the automobile rested their case upon their own testimony and they were not corroborated by a single witness as to how the accident happened. On the contrary, the defendant produced twelve witnesses to the accident whose testimony in many particulars was in direct conflict with that of the plaintiffs. Among other things this testimony tended strongly to prove that there were two large type cars outbound on Fifth avenue standing just west of the Craig street crossing waiting for the car on that street to cross Fifth avenue, and that these cars prevented the motorman of the Craig street car from seeing the automobile as it approached Craig street on the south driveway of Fifth avenue. Six of the defendant's witnesses pointedly testified that the Craig street car did make its safety stop and was proceeding slowly across Fifth avenue, and had

gone so far across that the front part of the car had crossed over the Fifth avenue tracks and was crossing the south driveway of Fifth avenue, when the automobile came from behind the Fifth avenue cars at a high rate of speed and ran squarely against the side of the Craig street car. Several of the other six witnesses testified to circumstances strongly in conflict with the theory and testimony of the plaintiffs.

Berry and DeHall both denied that there were any cars on Fifth avenue at all and claimed that they were in full view of the motorman all the time. The two accounts of the accident were entirely different and wholly irreconcilable. The court in the general charge placed before the jury the theory and testimony of DeHall and Berry, quite fully, and dwelt on the duties of the motorman from the apparent standpoint that it was the case of a collision between a street car and an automobile approaching in full view of the drivers of each. Strong complaint is made by defendant's counsel that the court, although requested to do so by defendant's counsel, failed to instruct the jury as to the rights and duties of the parties in case the evidence satisfied the jury that the two Fifth avenue street cars were then in such a position as to obstruct the view of the plaintiffs and of the motorman on the street car.

The defendant's counsel put certain points to the court which were affirmed with the qualifications contained in the general charge and these points and their answers are assigned for error, counsel for defendant contending that they were entitled to unqualified answers to these points. The jury found a verdict in favor of the defendant as to DeHall and in this appeal from the judgment in the Berry case we have nothing to do with the DeHall case except as it may have affected the result in the present appeal from the fact that the cases were tried together and the jury heard the evidence of both plaintiffs at the same time and the charge of the court covered both cases. The jury returned a verdict in favor of Berry for $1,500 and defendant's counsel filed motions in that case for a

new trial and for judgment non obstante veredicto, which motions were refused, and judgment having been entered on the verdict the defendant appealed.

The first assignment of error challenges the sufficiency of the charge and assigns the whole of it for error. A careful consideration of the charge as a whole leads us to the conclusion that the defendant has a just ground of complaint as to the adequacy of the charge. Considering the unreasonable theory put forward by the two plaintiffs and the very marked numerical preponderance of apparently credible witnesses in favor of the defendant's theory, we have reached the conclusion that the learned court ought to have called the jury's attention to the lack of corroboration of the two plaintiffs' testimony and of the very strong preponderance of the testimony in favor of the defendant, and the jury should have been cautioned against an arbitrary or capricious disregard of the weight of the evidence and we therefore conclude that the first assignment ought to be sustained. We think the following and other cases sustain us in holding that the general charge was inadequate. In Herstine v. Lehigh Valley Railroad Company, 151 Pa. 244, the Supreme Court said: "We have not said however that it is the duty of the parties to make specific requests for the submission of the several questions of fact raised upon the trial, or that a failure so to do deprives the party, affected by the omission, of the right to complain that his defense has been ignored or forgotten in the submission of the case to the jury." In Peirson v. Duncan et al., 162 Pa. 187, the Supreme Court said: "If no particular instructions be asked, the court is responsible for the general effect only of the charge; and, in considering the charge, the whole of it must be taken together. If, when so considered, it has a tendency to mislead, though no particular portion of it be clearly erroneous, it is cause for reversal:" citing numerous cases. See also Brown v. Montgomery, 21 Pa. Superior Ct. 262; Renn v. Tallman, 25 Pa. Superior Ct. 503. The first assignment of error is sustained.

We also think there is merit in the second assignment. We would hardly reverse on this assignment alone but the judgment must be reversed on other grounds and we have concluded to sustain this assignment.   In response to a request by defendant's counsel for specific instructions, the court said:

"Gentlemen: you have heard what Mr. Smith says, and he is quite right and I adopt his statement as a part of my charge, which you will give attention to.   I believe I did tell you that, as to the cars that were standing on Fifth avenue, the Fifth, Shady and Penn car and South Highland car.   The defendant's witnesses swear that those cars were standing there, and the motormen and conductors that were in charge of those cars, some of them, were produced and swore to it; whilst, on the other hand, Berry and the chauffeur both swore that there were no such cars there.   These points are to be considered by you along with the general testimony."

The attention of the court had just been called to alleged defects in the charge and we think the defendant was entitled to have the court carefully instruct the jury upon the questions raised by that request.   Judges and trial lawyers know that jurors are not apt to give such consideration to statements by counsel as they would to instructions upon the subject by the court.   It is not at all certain that the jury had been giving close attention to what Mr. Smith had been saying to the court and it is not clear that the jury would, from the brief remarks of the court, get a clear understanding of what the court meant to say to them in response to the counsel's request.   There was apparently a very large preponderance of testimony in support of the defendant's contention in contradiction of the theory put forward by the testimony of the two plaintiffs, and we do not think what the court said in response to the request of the defendant's counsel was sufficient to properly impress the jury with its importance.   The testimony of the two plaintiffs seemed unreasonable and it was very strongly contradicted and not corroborated and

the attention of the jury ought to have been directed carefully to the number of witnesses and the apparent weight of their testimony, who flatly contradicted the two colored men. The second assignment is sustained.

The third assignment of error rests on the defendant's third point and the answer of the court thereto as follows: "That point is affirmed, with the qualifications suggested in the general charge." We think that point ought to have been unqualifiedly affirmed. The plaintiffs had both testified that they saw the street car for some time before the accident; that there were no cars between them and the street car and if they were running the automobile rapidly, under the circumstances, they were guilty of negligence, and it having been testified to by Berry that he made no request to DeHall to stop until they were within ten feet of the car, the jury might well have found that both plaintiffs were guilty of negligence, and that the speed of the automobile was the proximate cause of the accident, and that Berry made no proper and timely attempt to control the driver and avoid the accident. Answering a point like this one, that it is affirmed with the qualifications suggested in the general charge, would probably give rise to a discussion in the jury room as to what the court had said in the general charge bearing upon the point and it is likely that the members of the jury would so disagree on this subject that the defendant's counsel would derive no benefit from his point and its answer.

The fourth point (third assignment) we consider was well put and the defendant was entitled to have it affirmed. But to the affirmance of it was added: "That means, as qualified by my general charge." What we have said in regard to the third assignment need not be repeated here. When counsel presents a point couched in proper terms and which asks the court to refer the questions of fact on which it is predicated to the jury, and for instructions as to the law in case the jury shall find the facts as the counsel contends, then the point ought to be plainly read to the jury and unqualifiedly affirmed.

The fifth and last assignment is based upon the defendant's fifth point and the answer thereto. In our opinion that point ought to have been unqualifiedly affirmed. If the jury found the facts as assumed in the point a simple affirmance would have disposed of the legal question raised. But the point was answered as follows: "This point is affirmed, as qualified in the preceding points." Now it is idle to speculate as to what conclusion the jury arrived at on consideration of this point and the answer thereto. It is very certain that we cannot safely assume that they reached a correct conclusion, or in other words, that they knew what the court intended to instruct them under said point.

The colored men in the automobile each brought a suit to recover damages from the defendant and the only theory upon which it seems possible for them to have recovered was to convince the jury that the Craig street car was approaching Fifth avenue at a rapid speed and that it did not make the safety stop just before reaching Fifth avenue and that the motorman did not sound the gong and that there were no cars standing on Fifth avenue between the automobile and the Craig street car. This theory of the plaintiffs was so strongly contradicted in many particulars by a dozen witnesses and specifically upon the main particulars by six witnesses, several of whom appear to have been entirely disinterested, that we think the court failed to adequately and sufficiently direct the attention of the jury to the "marked numerical inequality in the support given one side and the other by the witnesses; this of itself would be a circumstance properly calling for remark in the general charge, and the least the court could do would be to instruct the jury to allow it due weight:" Hodder v. Phila. Rapid Transit Co., 217 Pa. 110. In Cohen v. Phila. Rapid Transit Co., 228 Pa. 243, the Supreme Court said: "In the interest of justice the court should have called the attention of the jury to the fact that the unsupported statement of the plaintiff, . . . . was contradicted by the testimony of three

credible witnesses, two of whom at least were entirely disinterested. The jury should have been cautioned against an arbitrary or capricious disregard of the weight of the evidence which upon the point in question, was so strongly in favor of the defendant. We have more fully discussed this question of inadequate instructions and cited some of our cases bearing thereon, in an opinion lately filed in the case of Davies v. Rapid Transit Co., 228 Pa. 176."

In the latter case we find in the opinion of the Supreme Court the following: "It is most obvious that the weight of the evidence inclined very strongly against the plaintiff. The knowledge, recollection and veracity of eight credible witnesses, seven of them without the least pecuniary interest in the result of the suit, stood opposed to her. The probabilities were so overwhelmingly in favor of the truth of the statements of the eight witnesses, as to the one simple fact in controversy, that the court should have cautioned the jury strongly against an arbitrary or capricious disregard of the weight of the evidence."

It hardly seems necessary to cite authorities upon the question of the impropriety of the court answering a well drawn point as was done in the present case in regard to the third, fourth and fifth points, but some of the cases are the following: Huddleston v. West Bellevue, 111 Pa. 110; Duncan v. Sherman, 121 Pa. 520; People's Sav. Bank v. Denig, 131 Pa. 241. A party is entitled to a distinct and responsive answer to his points, if they are properly drawn, present questions that fairly arise, and can be answered by a simple affirmance or refusal: Whitmire v. Montgomery, 165 Pa. 253; Lingle v. Scranton Ry. Co., 214 Pa. 500; McNees v. Sims, 231 Pa. 386; Goldstein v. Adams Express Co., 32 Pa. Superior Ct. 190; Schomacker Mfg. Co. v. Yankee Dauntless Club, 30 Pa. Superior Ct. 162.

The assignments of error are all sustained, and the judgment is reversed with a venire facias de novo.