# Wally v. Clark, Appellant.

*Practice, C. P.—Trial—Charge of court—Review of evidence—Instructions—Misstatement of testimony—Directing jury's attention to error.*

1. It is not essential that every detail of evidence shall be commented upon by the trial judge in presenting to the jury the respective theories of the parties to the litigation.

2. A party has no standing to complain of a misstatement by the court of the testimony of a witness where the court calls the attention of the jury to the fact that a misstatement had been made and fully instructed that it was an error.

*Trial—Oral requests for instructions—Answers.*

3. A party has no standing to complain that his oral requests for instructions to the jury upon points of law were not answered fully and carefully, where he failed to present written requests in advance of the charge to the jury.

Argued Oct. 21, 1918. Appeal, No. 174, Oct. T., 1918, by defendant, from judgment of C. P. Allegheny Co., April T., 1917, No. 346, on verdict for plaintiff in case of P. L. Wally v. D. L. Clark. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Action in assumpsit for drilling an oil well. Before REID, J.

Verdict for plaintiff in the sum of $2,493.35.

The court refused a new trial. Defendant appealed.

*Errors assigned* were the charge of the court and answers to oral requests for instructions.

*A. M. Simon,* for appellant.—Where a trial court misstates the evidence, even inadvertently upon a fact, even though it is not pivotal, it is ground for reversal: Paul v. Kunz, 195 Pa. 207; Reel v. Martin, 12 Pa. Superior Ct. 340; Steinbrunner v. Pittsburgh, Etc., Co., 146 Pa. 504; Rumsey v. Shaw, 212 Pa. 576.

*William A. Wilson,* with him *Horace J. Thomas,* for appellee.

OPINION BY MR. JUSTICE FOX, January 4, 1919:

The appellant made a contract with the appellee to drill an oil well on his premises. The original contract price was the sum of $3,000. This contract having been performed and the drilling of the well having failed to produce results, there were subsequent negotiations and agreements between the parties looking to the further development of the oil well. Evidence both oral and written was produced by the parties relating to the arrangement between them. The claim of the plaintiff was $4,412.28 with interest. The appellant denied that he owed the appellee anything but alleged that he was entitled to recover the sum of $350 by way of set-off. The jury found a verdict for the appellee for $2,493.35.

The issue was purely a question of fact. It was largely dependent upon the testimony of plaintiff and defendant, although there was some written evidence which was also submitted for the consideration of the jury. The assignments of error relate wholly to the charge of the court, criticising certain excerpts therefrom and complaining that the charge as a whole was inadequate and misleading. No written requests to charge were presented to the court. After the learned judge of the court below had completed his charge certain oral requests were made that instructions be given and the answers to these requests are also included in the specifications of error.

The case was an unusually complicated one in some of its features by reason of the fact that there were contracts that were subsequently changed and enlarged by the oral agreement of the parties. This required an elaborate presentation of the facts by the court to the jury. The charge of the court occupies eighteen printed pages and this was required, in the view of the

learned judge of the court below, in order to properly instruct the jury as to the respective theories of the plaintiff and defendant. After a careful study of the charge as a whole we are not persuaded that it can be properly said that it was either inadequate or misleading. On the contrary we feel that the court presented the entire controversy very fully and as clearly as it was possible to do under the circumstances. The court not only did this but at the conclusion of the charge invited counsel for the appellant to indicate whether the statement of the defense was comprehensive enough or whether counsel thought it ought to be elaborated. In response to this request the learned counsel for the appellant made two suggestions only which will be discussed later in connection with some of the other assignments. The learned judge of the court below reviewed the testimony of both plaintiff and defendant very fully. It is not essential that every detail of evidence shall be commented upon in thus presenting to the jury the respective theories of the parties to the litigation. In Commonwealth v. Kaiser, 184 Pa. 493, Mr. Justice MITCHELL, in speaking for this court, said:

"It is not possible, nor even desirable, that the judge should refer to and emphasize every item of evidence on both sides in a way that the counsel would consider adequate. In doing so he would run much risk of coming to speak as an advocate rather than a judge. Nor is he required to go over all the evidence on any particular point every time he refers to the point in the course of his charge. It is enough if he gives to the jury a general review of the evidence on the one side and the other, which fairly and adequately presents the respective contentions of the parties, with enough reference to the items of evidence to assist the jury in recalling it as a substantial whole and to appreciate its bearing."

We think what was there said is properly applicable to the case at bar. In the first, second and third assignments of error there are three excerpts from the charge

which are the subject of criticism. They relate to a misstatement of the testimony of the witness Arbuckle by the court, which was to the effect that Arbuckle supported the testimony of Wally. After the charge was concluded the learned counsel for the appellant directed the attention of the court to the fact that Arbuckle did not testify in the way in which the court had quoted him, and the court replied: "That might be possible. That is correct." Counsel for the appellee (the plaintiff below) added, "That is correct." Not content with this, however, the learned judge further said:

"As to the matter of the misstatement which the court made as to Mr. Arbuckle's testimony that has been corrected. I was in error in saying that Mr. Clark told Mr. Arbuckle that. Mr. Arbuckle says that he was given instructions by Mr. Wally to go ahead and pull out the well—this to confirm Mr. Wally's contention that the well had been abandoned by Mr. Clark."

Under these circumstances, when the attention of the jury was twice called to the fact that a misstatement had been made and they were fully instructed that it was an error, these assignments are not well founded and they are not sustained.

The fourth and fifth assignments relate to an oral request to charge the jury as to the preponderance of testimony in this case:

Counsel for the defense said:

"That is, plaintiff, as I see it, is not entitled to recover unless he proves by the preponderance of the testimony the facts that he alleges."

By the Court:

"That is true. I will affirm that proposition right now."

In the fifth assignment counsel for appellant said:

"And if the written instruments favor the defendant's theory, especially Mr. Wally's signature on that bill receipted in full, the papers in evidence are a strong sup-

porting circumstance in favor of the defendant's view of this case."

By the Court:

"That is also true; but in considering that, gentlemen, you must also take into consideration the fact that Mr. Wally explicitly contends that he, while he did receipt this particular bill in full, expected that the matter would be carried out in accordance with the understanding of the parties; that there was no uncertainty or no hesitancy upon his part in doing it because he expected Mr. Clark would comply with his agreement as a matter of business honor. If that is not true and he settled on that basis and absolutely determined and fixed himself under it, the result would follow as counsel states."

The learned counsel for the appellant in his argument points out that at the conclusion of the court's charge he perceived that the court had given the jury no rule of law whatever to go by, and he then undertook, by a series of oral requests in these assignments of error, to have the court properly instruct the jury. We think the answers which the court made, under the circumstances, were adequate and sufficiently full. The request to charge has a distinct office and we have said in many cases that it is the duty of counsel to present written requests in advance of the charge to the jury. The reason for this is obvious. Counsel engaged in the trial have given the case study in its legal aspects which it is not possible for the court to give in the haste of trial. It is therefore the duty of counsel in advance of the charge to advise the court as to the legal questions involved and their view of the propositions of law which control. When counsel fail to do this, wait until the charge is completed and then ask the court orally to charge, they cannot be heard to complain if their requests are not answered as fully and carefully as they might otherwise have been.

What we have said as to these assignments applies also to the sixth. The case relied upon by the counsel

for the appellant, Berry v. Pittsburgh Rys. Co., 55 Pa. Superior Ct. 289, does not in our judgment affect this case, particularly as the court there said that they would not reverse on the second assignment alone, but as the judgment had to be reversed on other grounds that assignment was sustained. The other assignments do not require further discussion.

The assignments of error are all overruled and the judgment is affirmed.