Rago et al., Appellants, *v.* Nelson.

318

Argued November 17, 1960. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*Leonard E. Price*, with him *Edward O. Spotts*, for appellant.

*Thomas F. Weis*, with him *Weis & Weis*, for appellee.

OPINION BY WOODSIDE, J., December 14, 1960:

These are appeals from judgments entered in trespass actions growing out of a collision between two automobiles.

Doris Rago was driving her husband's automobile south on a two-lane through highway in Armstrong County. She was returning from her place of employment with four co-workers, including her sister, Ruth Rago. (The sisters are married to brothers.)

Ralph Nelson, operating his automobile on a road that crossed the through highway, came to a stop before entering the intersection which Doris was approaching from his right. There was an unobstructed view between the two automobiles of 1450 feet. Doris saw the Nelson car stopped at the stop-sign. Nelson did not see her car approaching. Starting from a stopped position, he drove across the through highway in front of the Rago car. The front part of Nelson's automobile completely crossed the through highway, but the rear part of his car was struck by the Rago car. The girls in the Rago car were talking, and one of them shouted "look out," when she saw Nelson crossing their path. Doris put on her brakes, but continued in a straight line making no effort to pass in back of the Nelson car, although there was nothing approaching from the opposite direction and a turn of a few feet to the left by her would have avoided the accident. Both cars were demolished, Nelson's 14 year old daughter, who was riding with him, was thrown onto the highway, and the Rago girls were both injured.

Doris and her husband, Mark Rago, brought an action against Nelson for damages resulting from the injuries to Doris, and for the damage to Mark's automobile. Ruth Rago and her husband, Thomas, brought an action against Nelson for damages resulting from her injuries. Nelson brought in Doris Rago as an additional defendant in both actions, and the cases were

consolidated for trial. The jury found Doris Rago and Nelson both guilty of negligence. The verdict was for the defendants in the actions brought by Doris and Mark Rago, and for the plaintiffs against both Doris and Nelson in the action brought by Ruth and Thomas Rago. The evidence supports the verdict, and the parties are not pressing a motion made below for judgment n.o.v., although they contend here that the verdicts are against the weight of the evidence. They are not. There was credible evidence from which the jury could find Doris negligent.

All of the plaintiffs are pressing for a new trial. Ruth, whose verdict was for $2000, and Thomas, whose verdict was for $1000, claim that they are inadequate. Doris appealed only as plaintiff, and not as an additional defendant.

The plaintiffs complain of the court's charge. Before permitting the jury to retire, the trial judge asked all counsel for suggestions. After receiving suggestions from the other counsel, the court asked counsel for the plaintiffs, "Do you have anything, Mr. Price?" He replied: "The only thing, if the Court please, since Doris Rago was driving on a through highway, I think under the law she would have a right to rely on the fact that when she did see Mr. Nelson's car stopped, that he would remain stopped and for her to continue on this through highway." To this the court replied, "I think I have explained that to the jury. I think they understand that." Counsel for the plaintiffs made no further suggestions or objections although a general exception to the charge was granted by the court.

The trial judge had not specifically charged on the law relating to a through highway, and plaintiffs' counsel properly called this to his attention, for the law relating to crossing, and operating on, a through highway was an important part of the case. The trial judge should have charged the jury fully on this point, but

his approval of the legal principle suggested by counsel was sufficient. *Wally v. Clark,* 263 Pa. 322, 326, 106 A. 542 (1919); *Commonwealth v. Mendola,* 294 Pa. 353, 359, 144 A. 292 (1928). At that time counsel appeared satisfied with the remarks of the court, for he did not press the matter further, and did not offer any additional suggestions. The court approved the counsel's suggestion concerning the law on this point in its entirety without change. The law should have been more fully and more accurately stated, but if the inaccuracy had any effect, it favored Doris. If the statement of the law lacked the emphasis it might have obtained from flowing directly from the mouth of the court,[1] it made up for this by the emphasis it received by being one of the last points made before the jury retired. We think the omission of any prior statements by the trial judge on this point, in light of the charge as a whole, is not ground for granting a new trial.

Few, if any, judges are blessed with memories capable of retaining all the major principles of law necessary to clarify the issues for the jury in the trial of cases. Justice would be better administered if trial judges were to reduce to writing, in language approved by the appellate courts, the more frequently required subjects to be used in charges. The many trial judges who prepare and use such notes not only preside more efficiently at trials, but also avoid many difficult post trial motions. On the other hand, a counsel is not furthering the administration of justice when he entertains a hope during a trial that the court will commit some error which will give him a second chance should he lose before the jury. As an officer of the court and an important wheel in the administration of justice, it

---

[1] See *Berry v. Pittsburgh Railway Co,.* 55 Pa. Superior Ct. 289 (1913).

is counsel's duty to assist the trial judge to rule correctly on evidence and to present the law to the jury as accurately as possible. In this connection it should be noted that a trial judge, unlike counsel, frequently knows nothing about a case until the trial starts, and he must devote his thought to ascertaining quickly both the facts and the legal points involved. Unless blessed with long experience or phenomenal memory, the trial judge cannot possibly be prepared to state accurately all the legal issues involved in the case without help from counsel. It is the duty of counsel, who has had months to familiarize himself with the facts and the relevant law, to assist the court in every way possible.

The appellant presses numerous objections to the charge which were not called to the court's attention when counsel was given the opportunity to do so.

Chief Justice JONES has recently restated the law by which we are to test these exceptions to the charge. In *Keefer v. Byers,* 398 Pa. 447, 452, 453, 159 A. 2d 477 (1960), speaking for the Supreme Court, he said: "Nor, as we have already noted, did he call the omission of such instruction to the attention of the trial judge. 'Where no particular instructions are prayed the court is responsible only for the general effect of the charge considered as a whole, and not for mere omissions to say what might properly have been said': Lerch v. Hershey Transit Co., 255 Pa. 190, 195, 99 A. 800. It was stated in Tucker v. American Car & Foundry Co., 218 Pa. 323, 326, 67 A. 616, to be a general rule that '. . . a mere omission [in a charge to a jury] to say what might have been properly said, cannot be treated as reversible error when no points were submitted to the court below asking for specific instructions.' Nor may a party sit by silent, and take his chances on a verdict and then, if it is adverse, complain of a matter which, if erroneous, could have

been dissipated timely by the court's prompt rectification of the charge. Commonwealth v. Razmus, 210 Pa. 609, 611, 60 A. 264."

We have carefully examined the charge of the trial judge in this case and find no basic or fundamental errors therein. Not all of the relevant law is accurately stated, and in some respects the inaccuracies give slight advantage to the appellee, but in other respects they give slight advantage to the appellants. Viewed as a whole, the charge is fair.

Ruth and Thomas Rago contend their verdicts are inadequate. The trial judge did not think they were. Before we may grant a new trial for inadequacy of verdict, we must find that the court below abused its discretion. Ruth received a relatively unimportant injury to a finger, a blow on the head which caused her to lose consciousness, which she regained at the scene of the accident, and a back injury. She was hospitalized three days after the accident, primarily for the back injury. She remained in the hospital twelve days. Her medical bills were $526.90; she claimed $1050 for lost wages and $210 for household help. She undoubtedly suffered severe pain from the back injury, and testified that it continued to the time of the trial. There is evidence from which the jury would have been warranted in giving her more for her pain and suffering, but the verdict was substantial, and there was some evidence which threw doubt upon the disabling effect of her injuries. It was for the jury to determine how seriously she was injured and what allowance should be made for her pain and suffering. See *Elza v. Chovan*, 396 Pa. 112, 152 A. 2d 238 (1959). The court cannot require the jury to accept even uncontradicted evidence of pain and suffering for there would then be no way for a defendant to avoid paying unjust claims based upon false or inaccurate testimony.

*Kirby v. Carlisle,* 178 Pa. Superior Ct. 389, 394, 116 A. 2d 220 (1955).

The court below erred in the action of Mark Rago against Nelson and Doris Rago as additional defendant for the damages to his automobile. The court thought that the negligence of Doris Rago could be imputed to her husband on the ground she was on a family venture when returning from her employment. Counsel for *defendant* Nelson quite properly suggested to the trial judge before the jury retired that Mark could recover the value of the car even if his wife were negligent, but the trial judge refused to follow his advice. See 27 P.L.E. Negligence §125; *Toenges v. Schleihauf,* 368 Pa. 247, 82 A. 2d 15 (1951); *Fisher v. Diehl,* 156 Pa. Superior Ct. 476, 40 A. 2d 912 (1945); *Kiser v. Schlosser,* 389 Pa. 131, 132 A. 2d 344 (1957); *Davis v. Miller,* 385 Pa. 348, 123 A. 2d 422 (1956).

Counsel for Nelson admits here that Mark should be allowed to recover, and he is willing to have judgment entered in favor of Mark Rago and against Nelson and Doris Rago in the amount of $545, the agreed damage to the car. As the jury made a special finding that Nelson and Doris were both negligent, and as the amount of the damage is not in dispute, this would seem to be a reasonable solution. However, Doris, as an additional defendant, is not represented in this appeal, and as a plaintiff in the actions, she is contending here that she was not negligent. Therefore, we believe that we may not direct the entry of judgment against her in a trespass action. We believe the only proper order for us to make is one directing a new trial in the action of Mark Rago against Nelson, as defendant, and Doris Rago, as additional defendant, for the damages to the automobile of the plaintiff. In view of the position of counsel for Nelson, it appears that this case can be settled without the necessity of another trial.

Judgments affirmed except that entered for the defendants in the action by Mark Rago against Ralph S. Nelson and Doris J. Rago as additional defendant for the damage to Rago's automobile in which action a new trial is granted.