## Longberry et al., Appellants, *v.* Paul.

Argued April 12, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Paul D. Shafer, Jr.,* with him *Thomas, Shafer, Dornhaffer and Swick,* for appellants.

*Stuart A. Culbertson,* with him *Paul E. Allen,* for appellees.

OPINION BY MONTGOMERY, J., June 17, 1965:

On August 16, 1960, Clara M. Longberry, one of the appellants, was driving her two children along township Route 794, Crawford County, Pennsylvania, in a 1960 Fiat sedan automobile owned by her husband, the other appellant, when it collided with a panel truck owned by Mildred R. Paul, d/b/a James Paul Lumber Company, being driven by her employe, Charles W. Anderson. The two vehicles were proceeding in opposite directions on this narrow road and "sideswiped" one another. The damage to both vehicles was on the left side. This action in trespass was brought to recover damages for the vehicle and for personal injuries sustained by Mrs. Longberry and her two children. Thereafter the original defendants, Mildred R. Paul and Charles W. Anderson, joined Mrs. Longberry as an additional defendant, claiming she was jointly or severally responsible for the accident.

The case came on for trial before the late Hon. HERBERT A. MOOK. In submitting the case to the jury Judge MOOK requested special findings and the jury

returned general verdicts as follows: ". . . in case of Clara Longberry vs. Mildred R. Paul et al. in favor of the defendants; in cases of Merle Longberry, Gary Longberry and Deanna Longberry we find in favor of plaintiffs vs. original defendants and additional defendant, Clara Longberry, and we award Merle Longberry $4,075.00, Gary Longberry $500.00 and Deanna Longberry, $500.00;" and a special verdict in which it found, inter alia, that (a) Charles W. Anderson was negligent in the operation of the truck owned by his employer, Mrs. Paul, (b) Mrs. Longberry was negligent in the operation of her husband's automobile, (c) damages allowed to Merle E. Longberry were itemized as $925 for damages to his automobile, $3,000 for the loss of consortium and $150 for bills and expenses incurred by reason of the injuries to his children.

A motion by Clara M. Longberry for a new trial was overruled by Hon. JAMES B. DWYER, President Judge, Orphans' Court, Erie County, Pennsylvania, Sixth Judicial District, specially presiding following the death of Judge MOOK. Judge DWYER also molded the verdict in favor of Merle E. Longberry on the motion of the original defendants by eliminating the item of $3,000 for lost consortium and reducing the verdict in his favor to $1,075. These appeals are from judgments entered for $1,075 in favor of Mr. Longberry and in favor of the original defendants in the suit of Mrs. Longberry.[1]

As to the claim of Mr. Longberry, he is not entitled to recover for lost consortium due to injuries to his wife when such injuries were contributed to by her own negligence. *Riesberg v. Pittsburgh & Lake Erie Railroad,* 407 Pa. 434, 180 A. 2d 575 (1962). Appellant's husband argues, nevertheless, that the court had no right

---

[1] No appeal was taken by the original defendants from this judgment.

to mold the verdict which had been recorded but should have granted a new trial in light of the erroneous instruction which permitted the jury to consider consortium as an item of damage. We find no merit in this argument for the reason that the court's power to amend or mold a verdict is not limited to the time when it is rendered and recorded. While it is better procedure to mold the verdict before the jury is discharged, it may be done later where the meaning is clear. *Carroll v. Kirk,* 144 Pa. Superior Ct. 211, 19 A. 2d 584 (1941); *Emblem Oil Company v. Taylor,* 118 Pa. Superior Ct. 259, 179 A. 773 (1935). We see no prejudice to appellant-husband in the procedure followed by the lower court in this case. The court corrected its own error which it had made in the charge and which resulted in the erroneous verdict, and subsequently entered judgment in conformance with the law and the clear intention of the jury.

As to the motion for a new trial filed by the appellant-wife, which is based entirely on the argument that the verdict is against the weight of the evidence, we have examined the record of testimony closely and conclude that the issue of her negligence was for the jury and its verdict was not against the weight of the evidence. There is evidence that both vehicles were in the center of the road as they were approaching one another shortly before the accident. The jury might well have concluded that Mrs. Longberry had not regained her side of the road completely when the accident occurred and that she was negligent under the circumstances.

Judgment affirmed.