## Cupic v. Peto

*William J. Joyce* and *P. Raymond Bartholomew*, for plaintiffs.

*John R. Seltzer*, of *Jamison & Jones*, for defendant.

ACKER, J., November 2, 1972.—The matter for determination arises from a preliminary objection by plaintiff to her joinder as an additional defendant and the joinder of Mildred Anderson, Executrix of the

Estate of Harry Anderson, t/d/b/a Anderson Taxi Company, as additional defendant.[1]

On October 10, 1969, at about 7:30 a.m., plaintiff, Joyce M. Cupic, was operating a taxicab on behalf of the Estate of Harry Anderson in a southerly direction on Buckley Way near its intersection with Curtis Street in the City of Sharon, Mercer County, Pa. Defendant was operating a vehicle in an easterly direction on Curtis Street at about the same time. Needless to say, an accident ensued. Being married, the husband, Walter Cupic, joined the action for the medical bills, past and future, and loss of consortium. Both of these recoveries are derivative in nature.

Defendant, Richard L. Peto, filed a complaint joining Joyce M. Cupic and Anderson as additional defendants, claiming that they or either of them, are solely liable upon the cause of action declared by the complaint, or jointly liable with Peto and liable for contribution. A counterclaim by Peto for damage to his automobile was likewise included.

To this joinder, preliminary objections were filed, claiming as to the joinder of Joyce Cupic concerning her husband's cause of action that the entire matter is derivative in any event and that if Joyce Cupic is not permitted to recover, certainly the husband, Walter Cupic, cannot recover. Hence the joinder is improper. Defendant responds, however, that Pennsylvania Rule of Civil Procedure 2252(a) permits such joinder. This contention is despite the admittedly correct position that the claim of a husband of both moneys for medical services and loss of consortium

---

[1] No objection has been raised by defendant to the standing of plaintiffs to attack the joinder by additional defendant, and this court, therefore, without passing upon the right of plaintiff to file the preliminary objection, decides the matter upon its merits.

are derivative in nature.[2] Defendant responds, however, that the test is not whether recovery can actually be had concluding "the fact that the present day law still prohibits husband-plaintiff from recovering damages derivative in nature should wife-plaintiff be found guilty of contributory negligence does not under the rules prohibit wife-plaintiff from being joined as an additional defendant." This conclusion, however, is contrary to another correct conclusion by defendant that Rule of Civil Procedure 2252(a) permits defendant to join as an additional defendant "any person whether or not a party to the action who may be *alone liable . . .* to [the plaintiff] or *. . . severally liable* [to plaintiff] with [the defendant]." Under no theory of law may a person whose cause of action is solely derivative recover against the person from whom his right derives. Wherefore, the preliminary objection to the joinder of wife-plaintiff upon the husband's derivative action for money damages for medical expenses and loss of consortium is sustained.

*Must the joinder of the wife-plaintiff employer as an additional defendant be limited to allegations of independent negligence and to a joint liability theory?*

The joinder of Anderson as additional defendant contends that, inter alia, the additional defendant is negligent in failing to provide a vehicle in good mechanical condition and one having adequate brakes. Anderson is joined as being solely liable or, in the alternative, jointly liable and for contribution. It is claimed by the preliminary objection that this joinder is improper. There can be no doubt that a

---

[2] The husband cannot recover if the wife is found to be guilty through contributory negligence: Riesberg v. Pittsburgh & Lake Erie Railroad, 407 Pa. 434, 180 A. 2d 575 (1962); Longberry v. Paul, 205 Pa. Superior Ct. 435, 211 A. 2d 107 (1965).

common-law action may not be maintained against an employe covered by the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended.[3] The complaint as worded, however, does not allege that wife-plaintiff was a statutory employe under the definition of the Workmen's Compensation Act. Rather, it states that she was operating the cab as an agent or employe of Anderson. If suit is attempted directly against a statutory employer for sole liability, whether it be through a direct suit or through joinder as an additional defendant, it cannot be maintained. In Shaull v. A. S. Beck New York Shoe Co., Inc., 369 Pa. 112, 85 A. 2d 698 (1952), it is stated at page 115:

"It must be immediately obvious that Delson cannot be retained on the record as an additional defendant on the ground of being *solely liable* to plaintiff, since its liability to its employee for injury or death in the course of his employment is only that prescribed by the Workmen's Compensation Act."

Further, our courts have held that where an employer is interpleaded as a defendant in an employe's action against a third-party tortfeasor for the purpose of protecting the tortfeasor's right of contribution against the employer, the employer-employe relationship may not be pleaded: Socha v. Metz, 385 Pa. 632, 123 A. 2d 837 (1956). A statutory employer, however, is not required to formally raise the defense of workmen's compensation until a final judgment is obtained when the matter of payment may be successfully defended for the first time by compliance with the statutory duty of payment solely under the Workmen's Compensation Act: Socha v. Metz, supra.

---

[3] Commonwealth Trust Company of Pittsburgh v. Carnegie-Illinois Steel Company, 353 Pa. 150, 44 A. 2d 594 (1945).

In that from the present state of the record it cannot be determined whether wife-plaintiff is, in fact, a statutory employe within the definition of the Workmen's Compensation Act, because it is alleged in the complaint that she was an agent or employe of the additional defendant, this court cannot make a determination that joinder can be had only for joint liability or contribution. Clearly, as to the latter possibility, the joinder is proper. Subsequently, it may be determined that a claim for sole liability is improper. In any event, if the wife-plaintiff is a statutory employe of additional defendant, Anderson, the matter can be cured at the time of execution.

### ORDER

And now, November 2, 1972, the preliminary objection to the complaint joining additional defendants as to Joyce M. Cupic in the action of her husband, Walter Cupic, is sustained and as to the joinder of Mildred Anderson, Executrix of the Estate of Harry Anderson, t/d/b/a Anderson Taxi Company, is denied.