369 A.2d 392
**Henry S. WESTRA and Kathryn Westra, Appellants,**

v.

**Michael BENNICK.**

Superior Court of Pennsylvania.

Argued March 18, 1976.

Decided Nov. 22, 1976.

258

Robert L. Walsh, Sunbury, with him Leonard R. Apfelbaum, Sunbury, for appellants.

Thomas E. Boop, Sunbury, with him Carl Rice, and Rice & Rice, Sunbury, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of the Court of Common Pleas of Northumberland County in a trespass action entered on an order molding a jury verdict returned in the amount of $5,516.96 in favor of the plaintiff-appellant, Henry S. Westra, and against the defendant-appellee, Michael Bennick, to the amount of $2,755.

The trespass action was instituted by Henry S. Westra and Kathryn Westra, his wife, to recover damages resulting from an accident involving a Chevrolet truck owned by Henry and operated by Kathryn and a Pontiac automobile owned and operated by Michael Bennick. Henry's claim was for damages to his truck and for Kathryn's medical expenses and loss of her society. Kathryn's claim was for pain and suffering, loss of wages and permanent injury.

The accident occurred on August 9, 1970 on state highway Route 890 when the truck driven by Kathryn on her own business with a passenger, not here involved, struck a tree in trying to avoid the Bennick vehicle as it entered the highway from a private road on Bennick's property. The Westra theory was that Michael negligently entered Route 890, causing Kathryn to veer off the highway into the tree. The Bennick theory was that Kathryn caused the accident by negligently operating the Chevrolet truck, with no fault on the part of Michael as he entered Route 890. The jury was properly instructed that any

negligence on Kathryn's part was not imputable to Henry. *Toenges v. Schleihauf*, 368 Pa. 247, 82 A.2d 15 (1951).

The court pointed out in his opinion that he charged as follows:

> "The Trial Judge explained to the jury that there were three possible findings that could be made. (1) If it was concluded that there was no negligence on the part of Michael, the verdict should be for Michael. (2) If it was concluded that Michael was negligent and that Kathryn was also negligent, the verdict should be for Henry. (3) If it was concluded that Michael was negligent and that Kathryn was not negligent, the verdict should be for Henry and for Kathryn separately. The jury returned a verdict 'for the plaintiff-husband, Henry S. Westra, in the amount of $5516.96'."

At the time of the return of the verdict of the jury there was no objection made to it on the record by either party. Later, however, appellee moved the trial judge to mold the verdict of the jury to decrease the amount from $5,516.96 to $2,755, or, in the alternative, to delete all amounts attributable to any derivative claim of Henry. The court below granted a rule on plaintiffs to show cause why the verdict should not be molded and after a responsive answer, the court entered its order to mold the verdict. The court en banc in a separate opinion affirmed the action of the trial court. This appeal followed.

We have held that while it is better procedure to mold a verdict before the jury is discharged, it may be done later where the meaning is clear. In *Longberry et al. v. Paul*, 205 Pa.Super. 435, 211 A.2d 107 (1965), this court held:

> "We find no merit in this argument for the reason that the court's power to amend or mold a verdict is not limited to the time when it is rendered and recorded.

While it is better procedure to mold the verdict before the jury is discharged, it may be done later where the meaning is clear."

The additional question raised by this appeal is that the jury verdict was inconsistent.

Henry owned two causes of action. The first, for his own personal damages to his truck, was recoverable if Michael was negligent. His second cause of action was for his damages as Kathryn's husband if Michael was negligent and Kathryn was not negligent. He joined Kathryn to enforce this cause of action as required by Pa.R.C.P. 2228(a) and also to enforce his own action under the permission granted by Rule 2229. See *Hopkins v. Blanco*, 224 Pa.Super. 116, 302 A.2d 855 (1973). In the instant case the court below held:

"However, these joinders did not affect the procedural rights which Henry and Kathryn would have for suing separately and the verdict entered 'shall be joint, several or separate according to the nature of the right or liability therein determined'. Pa.R.C.P. 2231(d)."

The court below found that the jury in finding for the plaintiff-husband in the amount of $5,516.96 was following his instruction 2: "If it was concluded that Michael was negligent and that Kathryn was also negligent, the verdict should be for Henry", so that the verdict was consistent but excessive. *Longberry et al. v. Paul, supra.*

Judgment affirmed.

JACOBS, J., concurs in the result.

HOFFMAN, J., files a concurring opinion.

PRICE, J., files a dissenting opinion in which SPAETH, J., joins.

HOFFMAN, Judge, concurring:

Appellant-husband contends that because the verdict of the jury was in excess of the amount of damage to his

truck, the jury intended to compensate him for the injury to his wife as well as the damage to his vehicle. He argues that the verdict is, therefore, inconsistent because the jury did not return a verdict for his appellant-wife.

I concur in the result reached by the Majority that the judgment of the lower court be affirmed because the jury's verdict was not inconsistent.

Appellant-wife was involved in a car accident with appellee. She and her husband sued to recover their damages resulting from the accident.

Appellant-husband sought recovery for (1) his wife's medical expenses plus the loss of consortium and (2) damage to his truck. Appellant-husband admits that the first claim for damages is a derivative one based upon his wife's cause of action. Because it is a derivative claim, the contributory negligence of the wife bars the husband from the recovery of damages consequential to the injuries of the wife. *Riesberg v. Pittsburgh & Lake Erie Railroad*, 407 Pa. 434, 180 A.2d 575 (1962). If the wife is not entitled to recover damages from the appellee for her injuries it follows that the appellee will not be liable to the husband for his expenses growing out of that injury. *Riesberg*, supra. Thus, appellant-husband cannot recover for his wife's medical expenses or consortium if the jury finds that she was negligent.

The appellant-husband's second claim is for damage to his truck. This is not a derivative claim and he could recover if the jury found appellee negligent, regardless of appellant-wife's contributory negligence. The wife's negligence is not imputable to her husband, the owner of the truck who was not present therein, unless she was engaged upon the owner's business. *Toenges v. Schleihauf*, 368 Pa. 247, 82 A.2d 15 (1951); *Rago v. Nelson*, 194 Pa.Super. 317, 166 A.2d 88 (1961). It is clear that "no relation of master and servant or principal and agent as between husband and wife arises merely by reason of their marital status . . ." *Toenges* supra 368

Pa. at 252–253, 82 A.2d at 18. In the instant case, the appellant-wife was driving the truck on her own business at the time of the accident. Therefore, her contributory negligence cannot be imputed to her husband in his action to recover damages for his truck.

The trial court, in its charge to the jury, stated that there were three possible findings that could be made. "(1) if it was concluded that there was no negligence on the part of defendant, the verdict should be for defendant. (2) if it was concluded that defendant was negligent and that plaintiff-wife was also negligent, the verdict should be for plaintiff-husband. (3) if it was concluded that defendant was negligent and that plaintiff-wife was not negligent, the verdict should be for husband and wife separately." The jury returned a verdict solely for appellant-husband for a sum in excess of the stipulated amount of damages to the truck. Upon appellees' motion, the lower court molded the verdict and appellant-husband recovered only the amount of stipulated, non-derivative damages. The jury verdict only for appellant-husband followed directly from the charge of the lower court. After finding both appellee and appellant-wife negligent, the jury returned a verdict for appellant-husband. The fact that the jury returned a verdict in excess of the amount of damage to the truck, does not render it inconsistent. The verdict of the jury clearly indicates that the appellant-husband was the only person to recover. Because the wife was contributorily negligent, the only basis of recovery for the husband was the damage to his truck.

In *Longberry v. Paul,* 205 Pa.Super. 435, 211 A.2d 107 (1965), the plaintiff-husband, who was the owner but not a passenger in the automobile operated by his wife, recovered damages for loss of consortium and damage to his car. Because the jury found that both the plaintiff-wife and the defendant were negligent, the lower court molded the verdict by eliminating the plaintiff-husband's

recovery for loss of consortium. On appeal, this Court affirmed the trial court's act of molding the verdict because the husband could not recover for his derivative claim when the jury had denied recovery to his wife due to her contributory negligence. Therefore, in the instant case, the appellant-husband is precluded from recovery for the loss of consortium because the jury's verdict was consistent with a finding of negligence on the part of appellant-wife. However, he can recover for his non-derivative claim due to the verdict in his favor.

The jury verdict herein was excessive but, it was not inconsistent. *Longberry,* supra. The order of the lower court is affirmed.

PRICE, Judge, dissenting:

I agree that this verdict may have been molded if the intention of the jury was clear and unmistaken. *Stevens v. Frank,* 151 Pa.Super. 222, 30 A.2d 161 (1943). The majority concludes that this jury clearly evidenced its intention to award *only* the husband-appellant damages to the truck. Because I cannot find that clear intention, I must dissent. I would award a new trial on all issues.

Initially I note the following colloquy between the lower court and juror No. 7 prior to the charge of the court:

"RAYMOND F. BROSCIOUS, Juror No. 7: It isn't a question, Judge, it's a request. As a member of the jury, we will be charged by yourself, we'll go into the jury room where we'll make our decision. In order to arrive at a decision, *I do not feel that I have the necessary information to arrive at a justifiable decision unless I, and I'm asking for the rest of the jury,* to have permission as a body to see the scene of the accident in order to determine in our own mind that who is at fault and who isn't at fault. There has been at no time any presentation to the jury of the scene of the accident, a diagram or anything, so that we can follow

in our own mind the discussion that has been presented to us; and in order, in my own personal opinion, in order to arrive at a justifiable decision, I should be permitted and I would like the rest of the jury as a body to actually see the scene of the accident so we can arrive at that decision." [R 369a] (Emphasis added)

This comment, to me, raises doubt that the jury as a whole felt qualified on the evidence presented to render a verdict.

Further, Plaintiff's Exhibit No. 2 [R 401a] lists the stipulated damages including hospital, doctors, drugs and damages to the truck, which total $5,016.96. Had the jury returned a verdict in that amount perhaps such a verdict would clearly indicate its intent to reimburse the husband for his proper out-of-pocket expenses. However a verdict of $5,516.96 contains an unexplained $500 differential which further convinces me that the jury's intention is not clear.

Since this jury was given three (3) verdict slips to correspond to the three (3) options outlined by the trial court in its charge to this jury, it is an equally possible conclusion that the additional $500 was intended for the wife-appellant. However, the jury selected the wrong verdict slip. This is supported by the fact that the trial court clearly charged this jury as follows:

"In this same connection, if you conclude to award damages to the Plaintiff husband, then he would be entitled to recover the reasonable cost of the repairs to his motor vehicle which was injured or damaged as a result of this accident. In considering those damages, you will consider the stipulation which has been admitted into the record stating that the amount of the automobile damage was $2755.00." [R 389a]

From these factors I have difficulty achieving 20/20 hindsight and therefore must conclude it is far from

clear just what was intended by this jury in reaching the verdict in question.

Accordingly, I would reverse the order of the lower court and grant a new trial on all issues.

SPAETH, J., joins in this dissenting opinion.