**Brenna v. Sabolsice**

*William B. Anstine, Jr.,* for plaintiffs.
*Clyde O. Black,* for defendants.
*Charles M. Koontz,* for additional defendant.

VAN HORN, *P.J.*, February 25, 1980—There is before us for disposition a motion for judgment on the pleadings filed by plaintiff, Betty Lou Brenna, in her capacity as additional defendant.

The motion for judgment on the pleadings is an alternative to a demurrer. It requires us to search the pleadings back to and including the complaint. We may grant the motion only if the relevant facts are not in dispute and the pleadings clearly indicate that no claim is, or can be, set forth against additional defendant upon which relief can be obtained: Cotter v. Bell, 417 Pa. 560, 208 A. 2d 216 (1965).

Mrs. Brenna filed this suit to recover damages for injuries she claims she received in an automobile accident. Her husband, Michael C. Brenna, joined as a plaintiff in the action; however, he seeks no recovery other than damages for loss of consortium. In their answer with new matter joining Mrs. Brenna as an additional defendant, original defendants assert that if Mr. Brenna sustained any loss, Mrs. Brenna is alone liable, liable over to them, or jointly and/or severally liable with them. Original defendants plead no facts giving rise to an obligation on the part of Mrs. Brenna to indemnify them. Their only possible claim against her is one based on the right to seek contribution from a joint tortfeasor.

Characterized an "anachronism" by Mr. Chief Justice Eagen in Neuberg v. Bobowicz, 401 Pa. 146, 162 A. 2d 662 (1960), the right to recover for loss of consortium not only has remained viable, it since has been recognized as a right possessed by wives as well as husbands in this Commonwealth: Hopkins v. Blanco, 457 Pa. 90, 320 A. 2d 139 (1974). Nevertheless, the cause of action for loss of consortium consistently has been recognized as de-

rivative. It must have as its source a cause of action belonging to the injured spouse.

Mrs. Brenna clearly has no cause of action if defendants were not negligent, nor if her injuries were due solely to negligence on her part. On the other hand, it is possible that both negligence on the part of the original defendants and negligence on the part of Mrs. Brenna were substantial factors in bringing about her injuries. In such event, under the comparative negligence principles applicable to this case, the fact that Mrs. Brenna may have been guilty of contributory negligence will not bar her action so long as her own negligence was not greater than the causal negligence of the original defendants; however, any damages sustained by her will be diminished in proportion to the amount of negligence attributed to her: Judicial Code, 42 Pa.C.S.A. §7102(a).

Before the adoption of the comparative negligence act, where contributory negligence *entirely* barred an action for a spouse's personal injuries, such contributory negligence on the part of the injured spouse also barred the non-injured spouse from recovering *any* damages for the consequential loss of consortium: Riesberg v. Pittsburgh & Lake Erie Railroad, 407 Pa. 434, 180 A. 2d 575 (1962); Westra v. Bennick, 245 Pa. Superior Ct. 257, 369 A. 2d 392 (1976). It follows logically that under the comparative negligence act the non-injured spouse will be granted or denied recovery for loss of consortium to the same extent that the injured spouse is granted or denied recovery on the seminal cause of action. In other words, Mr. Brenna can recover from original defendants no greater proportion of his damages for loss of consortium than Mrs. Brenna can recover of her damages

by reason of the injuries from which his claim derives. In each instance damages, if allowed, will be diminished by Mrs. Brenna's percentage of negligence.

The proposed jury instruction with regard to comparative negligence prepared by the Pennsylvania Supreme Court Committee for Standard Jury Instructions (Sub-committee Draft-November 13, 1977, Instruction 3.03A (Civ)) contemplates that the jury will be directed to fix the percentages of causal negligence on the part of the plaintiff and all defendants, and that the jury will be further instructed as follows: "The total of these percentages must be 100 percent. You will then determine the total amount of damages to which the plaintiff would be entitled if he had not been contributorily negligent; in other words, in finding the amount of damages, you should not consider the degree, if any, of the plaintiff's fault. After you return your verdict, *the court will reduce the amount of damages you have found in proportion to the amount of causal negligence which you have attributed to the plaintiff.*" (Emphasis supplied.)

The doctrine of spousal immunity bars any direct recovery by Mr. Brenna from his wife; and under no circumstances can the original defendants in this case be required to pay more than their proportionate share of his damages for loss of consortium. The comparative negligence law specifically so provides, to wit: "Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed re-

covery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution."42 Pa.C.S.A. §7102(b). However, in this case any verdict against original defendants will have been reduced so as to exactly reflect the percentage of causal negligence attributed to them. Therefore, inasmuch as they cannot be required to pay more than their proportionate share of Mr. Brenna's loss in the first instance, original defendants can acquire no right to seek contribution from Mrs. Brenna as an additional defendant.

For the foregoing reasons, we conclude that Mrs. Brenna cannot be held alone liable, liable over, or jointly and severally liable in this case. Wherefore, we enter the following

### ORDER

And now, February 25, 1980, judgment is hereby entered in favor of Betty Lou Brenna in her capacity as an additional defendant in this case.